[No. F004428. Fifth Dist. Mar. 17, 1986.]

MYZELLA MAYO, as Administrator, etc.,
Plaintiff and Appellant, v.
RUBY WHITE, Defendant and Respondent.

COUNSEL

Paul S. Mosesian and James F. Tritt for Plaintiff and Appellant.

Robert L. Kimball and Peter C. Morris for Defendant and Respondent.

OPINION

BEST, J.—This case presents the novel question of whether the personal representative of a deceased minor may maintain an action for wrongful death on behalf of the decedent's siblings where the parents survive the minor but later disclaim their interest in the minor's estate. We will hold that the personal representative of a decedent may maintain an action for wrongful death only on behalf of the "heirs" as defined by the intestacy provisions of the Probate Code,[1] and that such action cannot be maintained

---

[1]Code of Civil Procedure section 377 has been amended, and the Probate Code provisions relating to intestate succession and disclaimer have been repealed, rewritten, reenacted and renumbered since the minor's death and the filing of this action. Our holding would be the same under both the former and the present statutes.

on behalf of persons who become substitute heirs by virtue of the true "heirs" disclaiming their interest in the estate of the decedent.

On April 12, 1982, Kenneth Harold White II, aged three years, was riding a "mini hot cycle" around the swimming pool in the backyard of his home, when the cycle overturned, and he was thrown into the pool. He died the following day. Plaintiff, Myzella Mayo, as special administrator of the estate of the minor, filed a complaint for wrongful death against K-Mart Corporation, Carolina Enterprises, Inc., and the decedent's parents, Ruby and Kenneth White. The complaint alleges Ruby and Kenneth White "have duly renounced heirship and any interests they may have in the decedent's Estate, and therefore are no longer heirs at law of the decedent." Consequently, the suit was brought on behalf of decedent's two sisters and one brother as the heirs at law.

The complaint alleged in the first cause of action that K-Mart and Carolina Enterprises, Inc., were liable for decedent's death because a defect in the design of the boy's mini-cycle caused it to be unstable and have a propensity to overturn. The second and third causes of action alleged that Ruby and Kenneth White were responsible for their son's death in negligently failing to supervise and care for the boy's safety and in negligently maintaining their premises by failing to fence the swimming pool and otherwise make the backyard safe for minor children.

Defendant Ruby White demurred both generally and specially to the complaint contending, respectively, (1) the brother and sisters were not "heirs" of the decedent within the meaning of Code of Civil Procedure section 377, and (2) the complaint was uncertain because it failed to state whether the renunciation of heirship was written or oral or properly filed. The trial court sustained the special demurrer and also sustained the general demurrer without leave to amend.

Plaintiff appeals from the judgment dismissing her complaint.

Plaintiff contends that the decedent's siblings are "heirs," and by virtue of the renunciation of heirship by the parents, plaintiff, as the personal representative of the decedent, is entitled to maintain this lawsuit on behalf of said siblings. Defendant contends that even if the parents' disclaimers were executed properly in writing and filed as required by Probate Code section 190.1,[2] said disclaimers only allow the siblings to inherit the

---

[2]Probate Code section 190.1 was replaced by Probate Code sections 275 and 278 effective January 1, 1984. The substance of the former and present sections governing disclaimers is identical.

decedent's estate and have no effect on their right to maintain an action for wrongful death. For reasons that follow, we will agree with defendant but will hold that plaintiff should be allowed to amend her complaint.

**(2)** An action for wrongful death is statutory in nature, and "Because it is a creature of statute, the cause of action for wrongful death 'exists only so far and in favor of such person as the legislative power may declare.'" (*Justus* v. *Atchison* (1977) 19 Cal.3d 564, 575 [139 Cal.Rptr. 97, 565 P.2d 122], disapproved on other grounds in *Ochoa* v. *Superior Court* (1985) 39 Cal.3d 159, 171 [216 Cal.Rptr. 661, 703 P.2d 1].)

At the time of decedent's death, Code of Civil Procedure section 377 provided in pertinent part:

"(a) When the death of a person is caused by the wrongful act or neglect of another, his or her heirs or personal representatives on their behalf may maintain an action for damages against the person causing the death, or in case of the death of such wrongdoer, against the personal representative of such wrongdoer, whether the wrongdoer dies before or after the death of the person injured. . . .

"(b) For the purposes of subdivision (a), 'heirs' mean only the following:

"(1) Those persons who would be entitled to succeed to the property of the decedent according to the provisions of Division 2 (commencing with Section 200) of the Probate Code, . . .

"*Nothing in this subdivision shall be construed to change or modify the definition of 'heirs' under any other provision of law.*" (Italics added.)

In creating a cause of action for wrongful death, the Legislature has defined "heirs" as those persons who would be entitled to succeed to the decedent's property under the laws of intestate succession as provided in the Probate Code. At the time of the minor's death, the succession of the minor's property, having died intestate, was governed by Probate Code section 225.[3] This statute provided that when the decedent leaves neither spouse nor issue, the estate goes to decedent's parents and only if the parents are dead, to decedent's brothers and sisters. (Prob. Code, § 225.) Therefore, the parents, Ruby and Kenneth White, are the only proper heirs at law for purposes of maintaining a wrongful death action under Code of Civil Procedure section 377. The brother and sisters of decedent, while potential

---

[3]The present rule of succession under Probate Code section 6402, subdivision (b), is identical in substance to former Probate Code section 225.

heirs under Probate Code section 225, are not proper heirs at law and are ineligible to bring an action under Code of Civil Procedure section 377. (*Rothman* v. *United States* (C.D.Cal. 1977) 434 F.Supp. 13, 17-18; *Evans* v. *Shanklin* (1936) 16 Cal.App.2d 358, 360-363 [60 P.2d 554]; see also *Steed* v. *Imperial Airlines* (1974) 12 Cal.3d 115, 120-121 [115 Cal.Rptr. 329, 524 P.2d 801, 68 A.L.R.3d 1204] [discusses *Evans* v. *Shanklin*].)

Plaintiff, however, alleged in the complaint that the parents renounced heirship and any interest in the estate of decedent. By virtue of this renunciation, plaintiff argues decedent's brother and sisters become the heirs at law and may maintain an action for wrongful death. Under the Probate Code, a beneficiary of an interest in property may disclaim that interest by filing a disclaimer as provided in the Probate Code. (Prob. Code, § 275.)[4] The disclaimer must be in writing and signed by the disclaimant. It also must identify the creator of the interest, describe the interest disclaimed and state the extent of the disclaimer. (Prob. Code, § 278.) Such a disclaimer causes the interest disclaimed to "descend, go, be distributed, or continue to be held (1) as to a present interest, as if the disclaimant had predeceased the creator of the interest . . . ." (Prob. Code, § 282.)

Plaintiff contends that, due to the renunciation, the parents are treated as though they had predeceased the decedent, and they would not be eligible to succeed to decedent's estate under the laws of intestate succession. Hence, plaintiff argues the parents may not be heirs under Code of Civil Procedure section 377, and the brother and sisters of decedent should be allowed to bring the suit for wrongful death. An identical argument, however, was made and rejected in *Lewis* v. *Regional Center of the East Bay* (1985) 174 Cal.App.3d 350 [220 Cal.Rptr. 89].

In the *Lewis* case, the paternal grandparents of a deceased minor filed an action for wrongful death against various defendants. At the time of filing the action, the minor's parents and half-brother were living. After the minor's death, the parents and half-brother filed disclaimers under the Probate Code, waiving their interests in the estate of the minor. Defendants moved for summary judgment on the ground that the grandparents had no standing to sue because they could not be heirs when the parents and half-brother were still alive. The trial court granted summary judgment, and the Court of Appeal affirmed the judgment. (*Lewis* v. *Regional Center of the East Bay, supra,* 174 Cal.App.3d at pp. 351-352.)

The *Lewis* court first noted that Code of Civil Procedure section 377 defines heirs as those persons succeeding to the property of the decedent in

---

[4]Probate Code section 275 et seq. did not become effective until after the death of the minor and the filing of the wrongful death action in this case. However, the former Probate Code sections governing disclaimers are identical in substance to the present code sections.

accordance with the laws of intestate succession. Furthermore, under such laws the grandparents would not succeed to any property unless the minor died without issue, spouse, parent, brother, sister or descendant of a deceased brother or sister. The court rejected the argument that the disclaimer statutes had to be read in conjunction with the intestate succession statutes to determine heirship under Code of Civil Procedure section 377. In this regard, the appellate court stated: "The two sections concern different legal interests and property rights and are contained in separate parts of the Probate Code. The wrongful death statute provides a right to be compensated for a tort which is personal and cannot be assigned. The disclaimer statutes allow an heir in either testate or intestate estates to disclaim his interest in decedent's property. To read together statutory provisions which the Legislature adopted for different purposes would place a judicial gloss on the statutes which the plain meaning and legislative history does not support.

"Nor have plaintiffs offered any evidence that the policy behind both statutes is the same and must be harmonized. The purpose of the wrongful death statute is to permit recovery of compensation by heirs for economic loss and loss of consortium resulting from the death. (*Justus* v. *Atchison, supra,* 19 Cal.3d at p. 581.) The plaintiffs in such action stand in such a close relation to the decedent as to be presumed to be injured by his death. (*Steed* v. *Imperial Airlines, supra,* 12 Cal.3d at p. 121.) On the other hand, the disclaimer provisions are unrelated to any tort compensation scheme. These provisions concern *all beneficiaries,* whether heirs or not. It does not purport to define who a proper plaintiff in a wrongful death action should be. Even if the parents and half-brother could waive their right to maintain a wrongful death action, there is no authority for the proposition that this statutorily created right can, in effect, be assigned by the filing of a disclaimer." (*Lewis* v. *Regional Center of the East Bay, supra,* 174 Cal.App.3d at pp. 354-355.)

As in *Lewis,* the brother and sisters of the deceased minor in the instant case would not have standing to bring an action for wrongful death, despite the parents' alleged renunciation of heirship (which we will assume is the equivalent of a disclaimer as provided for in the Probate Code). By the same token, plaintiff, as the personal representative of the deceased minor, cannot maintain the action on their behalf. The disclaimer was the functional equivalent of an assignment of the parents' cause of action for wrongful death to persons not qualified to maintain such a suit. ■ As stated in *Lewis,* a cause of action for wrongful death is personal to those persons authorized to maintain the suit under the statute and may not be assigned. (See *Goodley* v. *Wank & Wank, Inc.* (1976) 62 Cal.App.3d 389, 393 [133 Cal.Rptr. 83].)

█ Furthermore, a cause of action for wrongful death under Code of Civil Procedure section 377 clearly is not an asset of the estate of the decedent. On the contrary, the cause of action is vested in the "heirs" as defined in the Probate Code, and any recovery is solely for the benefit of such "heirs" to compensate them for injuries they actually suffered by reason of the death of the decedent. (*Steed* v. *Imperial Airlines, supra,* 12 Cal.3d at p. 122.) █ It necessarily follows that when the "heirs" renounce their heirship by filing a disclaimer of their interests in the estate of the decedent, such disclaimer does not encompass the "heirs" cause of action for wrongful death.

Probate Code section 190 provided in pertinent part: "(a) 'Beneficiary' means and includes any person entitled, but for his disclaimer, to take an interest (1) by intestate succession, . . .

"(b) 'Interest' means and includes the whole of any property, real or personal, legal or equitable, or any fractional part, share or particular portion or specific assets thereof, or any estate in any such property, or power to appoint, consume, apply or expend property, or any other right, power, privilege or immunity relating thereto; . . ." (See present Prob. Code, §§ 262, 267.)

Probate Code section 190.6 provided in pertinent part: "[T]he interest disclaimed . . . shall descend, go, be distributed or continued [*sic*] to be held as if the beneficiary disclaiming had predeceased the person creating the interest." (See present Prob. Code, § 282.)

Since a cause of action for wrongful death is not an "interest" that a "beneficiary" would be entitled "but for his disclaimer" to take by intestate succession, the cause of action could not "descend, go, [or] be distributed" to the heirs next in line of succession following a disclaimer. Similarly, since the heirs next in line of succession did not hold the cause of action for wrongful death, it could not "continue to be held" following the disclaimer. Hence, plaintiff's argument that a disclaimer under Probate Code section 190.6 has the effect of allowing her to maintain a cause of action for wrongful death is incorrect.

The general demurrer to plaintiff's complaint, therefore, was sustained properly.

██ ██ Plaintiff also argues that if the trial court properly sustained the general demurrer, it nevertheless abused its discretion in not granting plaintiff leave to amend the complaint. Plaintiff's contention is correct. The

trial court should have allowed plaintiff the opportunity to amend the complaint to name the proper heirs at law.

The first cause of action in plaintiff's complaint alleges K-Mart Corporation and Carolina Enterprises, Inc., were responsible for the minor's death because of a design defect in the cycle the minor was riding prior to his death. Plaintiff, as the administrator of decedent's estate, could maintain a wrongful death action against these defendants on behalf of the minor's parents, who are the minor's only heirs at law. The suit on behalf of the parents would be proper although the statute of limitations for wrongful death (Code Civ. Proc., § 340) has run against the parents. ■ Several old, but still good, cases have held when an administrator of a decedent's estate brings a wrongful death action and fails to bring such action on behalf of the heirs at law, the administrator should be allowed to amend the complaint to name the heirs at law. ■ The statute of limitations running against the heirs is not a bar to the suit because of the relation back doctrine.

■ "Where there is no attempt to state a new cause of action in an amended complaint, but merely the addition of matters essential to make the original cause of action complete, the amendment, though made after the expiration of the period of limitation, relates back to the time of the commencement of the action." (*Ruiz* v. *Santa Barbara Gas etc. Co.* (1912) 164 Cal. 188, 194 [128 P. 330]; see also *Tann* v. *Western Pac. Ry. Co.* (1919) 39 Cal.App. 377, 380-381 [178 P. 971].)

■ Plaintiff's second and third causes of action allege the minor's parents negligently failed to supervise the minor, which proximately caused his accident and death. Defendant Ruby White contends that plaintiff should not be allowed to amend the complaint to state the proper heirs at law as the resulting complaint would consist of the parents of decedent as plaintiffs suing themselves as defendants.

Under the facts of the present case, however, it is possible that only one parent was negligent. The nonnegligent parent, as decedent's heir at law, could maintain a cause of action for wrongful death against the negligent parent. ■ While at one time a spouse could not sue the other spouse for intentional or negligent torts, the law today permits such suits. (*Klein* v. *Klein* (1962) 58 Cal.2d 692, 693-694 [26 Cal.Rptr. 102, 376 P.2d 70]; 4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 21, pp. 2320-2321.) ■ Under this theory, plaintiff could amend the complaint to state a proper cause of action on the theory of negligent supervision of the minor child.

To the extent that the second and third causes of action attempt to state a cause of action based upon premises liability, we can conceive of no pos-

sible amendment by which a cause of action could be stated on behalf of either parent against the other parent. In paragraph 4 of the second cause of action which is incorporated in the third cause of action, plaintiff alleges: ". . . Defendants Ruby White, Kenneth H. White and Does V and VI were the owners of and in possession and control of that certain premises, located at 1462 West Ashcroft, Fresno, Fresno County, California which was a residential premises in which, among others, Defendants Ruby White, Kenneth H. White and the decedent resided." Each parent, being a coowner and jointly in possession of the premises, would be equally responsible for the condition of the premises and could not be held legally liable for injury to the other. "Between those who are equally in the right, or equally in the wrong, the law does not interpose." (Civ. Code, § 3524.)

Discussing the concept of a cause of action, Mr. Witkin writes: "California follows the 'primary right theory' of Pomeroy: 'Every judicial action must therefore involve the following elements: a *primary right* possessed by the plaintiff, and a corresponding *primary duty* devolving upon the defendant; a *delict or wrong* done by the defendant which consisted in a breach of such primary right and duty; a *remedial right* in favor of the plaintiff, and a remedial duty resting on the defendant springing from this delict, and finally the *remedy or relief* itself. . . . Of these elements, the *primary right and duty and the delict or wrong combined constitute the cause of action.*' . . ." (4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 23, pp. 66-67, quoting Pomeroy, Code Remedies (5th ed.) p. 528, italics in original.) ▮ If the primary right and the primary duty lie in the same person, it is axiomatic that a cause of action cannot be stated. Case law has established the principle that a party may not be both plaintiff and defendant in the same action. (*O'Morrow* v. *Borad* (1946) 27 Cal.2d 794, 798-799 [167 P.2d 483, 163 A.L.R. 894]; see also *Redevelopment Agency* v. *City of Berkeley* (1978) 80 Cal.App.3d 158, 165 [143 Cal.Rptr. 633].) One cannot recover damages for a breach of duty owing to himself. "No one can take advantage of his own wrong." (Civ. Code, § 3517.)

The judgment of dismissal is reversed, and the cause is remanded with directions to the trial court to enter its order allowing plaintiff to amend her complaint in a manner consistent with this opinion.

The parties to bear their own costs on appeal.

Hanson (P. D.), Acting P. J., and Reid, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.