[No. B058537. Second Dist., Div. Seven. Mar. 24, 1993.]

VESTA DESPLANCKE et al., Plaintiffs and Appellants, v.
RON WILSON et al., Defendants and Respondents.

632

## COUNSEL

Morris Shechter and Wanda Grasse for Plaintiffs and Appellants.

Pivo & Halbreich, Douglas A. Amo and David R. Flyer for Defendants and Respondents.

## OPINION

WOODS (Fred), J.—Under Code of Civil Procedure[1] former section 377 may adult children maintain an action for the wrongful death of their parent if the parent's entire estate is community property bequeathed to the other parent, the surviving spouse? Our answer is yes. Accordingly we reverse the summary judgment awarded respondents. We also modify the trial court's order awarding costs.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 21, 1986, George Desplancke (decedent) fell on a construction site stairway. He died five days later.

Two actions were filed: a wrongful death complaint by his wife (Vesta Desplancke) and four adult children against the general contractor (Ron Wilson, Norm Wilson and Ron Wilson Construction Company) and stairway subcontractor (Robert and Nancy Shallenberger and Anvil Iron, Inc.) and a personal injury complaint by Vesta Desplancke, as special administrator of the estate, against the same defendants. The actions were later consolidated.

The general contractor moved for summary judgment. The trial court granted the motion. Appellants initially sought review of that summary judgment but, in their opening brief, abandoned such review. Accordingly, that matter is not part of this appeal.[2]

The subcontractor also moved for summary judgment but only against the four adult children of the decedent (not his wife). The trial court granted the motion. We review this order.

### DISCUSSION

#### I.

Section 377, as here applicable, provided: "When the death of a person is caused by the wrongful act . . . of another, his or her *heirs* . . . may maintain an action for damages against the person causing the death. . . ." (§ 377, subd. (a). Italics added.)

■ Subcontractor contends the decedent's children are not "heirs" and therefore may not maintain the instant action. Subcontractor relies upon

[1]Statutory references, unless otherwise noted, are to the Code of Civil Procedure.
[2]We do consider the trial court's order awarding costs to the general contractor.

section 377, subdivision (b) which, as here applicable, provided: "For the purposes of subdivision (a), 'heirs' means only the following: [¶] (1) Those persons who would be entitled to succeed to the property of the decedent according to the provisions of Part 2 (commencing with Section 6400) of Division 6 of the Probate Code. [¶] (2) Whether or not qualified under paragraph (1), if they were dependent on the decedent, the putative spouse, children of the putative spouse, stepchildren, and parents. . . ."

Subcontractor argues the adult children are not "persons who would be entitled to succeed to the property of the decedent" (because his property was entirely community property and was all bequeathed to his surviving spouse), were not "dependent on the decedent," are not "children of [a] *putative* spouse," are not "stepchildren" and thus are outside each of the statutory classifications of "heirs."

Appellant children disagree, asserting they are heirs because they are "persons who *would* be entitled to succeed to the property of the decedent . . . ," and for this purpose the decedent should be considered intestate.

Both parties cite the same statutes and rely on the same cases: *Steed* v. *Imperial Airlines* (1974) 12 Cal.3d 115 [115 Cal.Rptr. 329, 524 P.2d 801, 68 A.L.R.3d 1204]; *Mayo* v. *White* (1986) 178 Cal.App.3d 1083 [224 Cal.Rptr. 373]; *Lewis* v. *Regional Center of the East Bay* (1985) 174 Cal.App.3d 350 [220 Cal.Rptr. 89].) We find none of these cases dispositive.

Not cited by the parties and dispositive of this appeal is *Fiske* v. *Wilkie* (1945) 67 Cal.App.2d 440 [154 P.2d 725]. At oral argument we requested the parties to brief the applicability of *Fiske* v. *Wilkie* and section 377.60. We have considered these supplemental briefs.

In *Fiske*, just as in the instant case, children of a decedent brought a wrongful death action. The defendant argued, just as subcontractor does in the instant case, the plaintiff children were not heirs under section 377 because the decedent had a surviving spouse (who died several months later) to whom all the decedent's property passed. Thus, the spouse was decedent's sole heir and his children—the plaintiffs—were not heirs.

*Fiske* rejected the argument. It held that such children of the decedent are heirs and may maintain a wrongful death action for the loss of a parent. (67 Cal.App.2d at p. 444.)

We note that in 1992 section 377 was repealed (Stats. 1992, ch. 178, § 19 (Sen. Bill No. 1496)) and reenacted as section 377.60.[3] As the California Law Revision Commission Comments state: "Section 377.60 restates subdivision (b) and the first part of the first sentence of subdivision (a) of former Section 377 without substantive change. . . . [¶] Subdivision (a) revises the language of former Section 377(b)(1) to refer specifically to the decedent's surviving spouse, children, and issue of deceased children, as proper parties plaintiff in a wrongful death action. This makes clear that, even if the decedent's estate is entirely community property, the decedent's children and issue of deceased children are proper parties plaintiff, along with the decedent's surviving spouse. This codifies Fiske v. Wilkie, 67 Cal.App.2d 440, 444, . . ." (Cal. Law Revision Com. com., Deering's Ann. Code Civ. Proc., § 377.60 (1993 pocket supp.) p. 16.)

Appellant children are "heirs" within the meaning of former section 377, and the trial court erred in granting subcontractor's motion for summary judgment.

## II.

Section 1032 entitles the prevailing party to costs. The trial court awarded costs to contractor including $4,254.63 for expert witness fees. Since it is undisputed these expert witnesses were not ordered by the court the cost award was not authorized by section 1033.5, subdivision (a)(8) ("(a) The following items are allowable as costs under Section 1032: [¶] . . . [¶] (8) Fees of expert witnesses ordered by the court.")

Section 1033.5, subdivision (b)(1) prohibits "[f]ees of experts not ordered by the court" unless "expressly authorized by law." Section 998[4] expressly authorizes such costs but only if a settlement demand has been made. It is

---

[3]The section reads: "A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent's personal representative on their behalf:

"(a) The decedent's surviving spouse, children, and issue of deceased children, or, if none, the persons who would be entitled to the property of the decedent by intestate succession.

"(b) Whether or not qualified under subdivision (a), if they were dependent on the decedent, the putative spouse, children of the putative spouse, stepchildren, or parents. As used in this subdivision, 'putative spouse' means the surviving spouse of a void or voidable marriage who is found by the court to have believed in good faith that the marriage to the decedent was valid.

"(c) A minor, whether or not qualified under subdivision (a) or (b), if, at the time of the decedent's death, the minor resided for the previous 180 days in the decedent's household and was dependent on the decedent for one-half or more of the minor's support."

[4]In pertinent part the section reads: "(a) The costs allowed under Section 1031 and 1032 shall be withheld or augmented as provided in this section. . . . [¶] (c) If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment, the

undisputed no such demand was made by contractor. Accordingly, the trial court erred in including $4,254.63 for expert witness fees in its cost award to contractor.

## DISPOSITION

The order granting summary judgment for subcontractor respondents is reversed. The trial court's order awarding costs to contractor respondents is vacated. The trial court shall enter a new order awarding costs to contractor which omits $4,254.63 in expert witness fees.

Costs on appeal are awarded to appellants.

The matter is remanded to the trial court for further proceedings consistent with this opinion.

Lillie, P. J., and Johnson, J., concurred.

Respondents' petition for review by the Supreme Court was denied June 24, 1993.

---

plaintiff shall not recover his or her costs and shall pay the defendant's costs from the time of the offer. In addition, in any action or proceeding other than an eminent domain action, the court, in its discretion, may require the plaintiff to pay the defendant's costs from the date of filing of the complaint and a reasonable sum to cover costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, the preparation or trial of the case by the defendant."