[No. B124489. Second Dist., Div. Five. Oct. 21, 1999.]

BEVERLY SANCHEZ et al., Plaintiffs and Respondents, v.
BAY SHORES MEDICAL GROUP et al., Defendants and Appellants.

COUNSEL

Schmid & Voiles and Suzanne De Rosa for Defendants and Appellants.

Appell & Wolf, Mervyn H. Wolf and Kelli D. Burritt for Plaintiffs and Respondents.

OPINION

**GRIGNON, J.**—Plaintiffs prevailing in a medical malpractice action were awarded the fees of their medical experts as an item of costs. Because, in a

medical malpractice action, fees of medical expert witnesses not ordered by the court are not statutorily authorized as an item of costs, the trial court had no authority to award those fees as costs. We modify the cost award and otherwise affirm the order.

## Facts and Procedural Background

Plaintiffs and respondents Beverly Sanchez, Roxane Sanchez-Dundon, and Edward Sanchez (collectively Sanchez), the widow and children of decedent Edwin Sanchez, sued defendants and appellants Bay Shores Medical Group and Steven A. Maier, M.D. (collectively Dr. Maier) for medical malpractice in this wrongful death action. Dr. Maier failed to timely diagnose the decedent's colon cancer. A jury found in favor of Sanchez. Sanchez filed a memorandum of costs requesting, among other items, expert witness fees. Dr. Maier filed a motion to strike the expert witness fees as costs. The trial court granted the motion to strike as to the fees of an economic expert, but denied the motion as to the fees of medical experts. Dr. Maier appealed from the cost award.

## Discussion

■ "The 'costs' of a civil action consist of the expenses of litigation . . . . Under the common law rule, parties to litigation must bear their own costs. The right to recover any of such costs is determined entirely by statute. 'It is axiomatic that the right to recover costs is purely statutory, and, in the absence of an authorizing statute, no costs can be recovered by either party.'" (*Davis* v. *KGO-T.V., Inc.* (1998) 17 Cal.4th 436, 439 [71 Cal.Rptr.2d 452, 950 P.2d 567].) A trial court has no discretion to award costs not statutorily authorized. (*Id.* at p. 442.)

Code of Civil Procedure section 1032, subdivision (b) entitles the prevailing party in an action to recover costs as a matter of right. Code of Civil Procedure section 1033.5, subdivision (a) sets forth the items that are allowable as costs under Code of Civil Procedure section 1032. The allowable items include "[f]ees of expert witnesses ordered by the court." (Code Civ. Proc., § 1033.5, subd. (a)(8).) Code of Civil Procedure section 1033.5, subdivision (b) limits the items that are allowable as costs, and specifically prohibits fees of expert witnesses not ordered by the court, "except when expressly authorized by law." (Code Civ. Proc., § 1033.5, subd. (b)(1).)

■ "The Legislature has reserved to itself the power to determine selectively the types of actions and circumstances in which expert witness fees should be recoverable as costs and such fees may not otherwise be recovered

in a cost award." (*Ripley* v. *Pappadopoulos* (1994) 23 Cal.App.4th 1616, 1625 [28 Cal.Rptr.2d 878].) The Legislature has exercised this power by creating a number of statutory exceptions to the general prohibition against recovering expert witness fees as costs. By statute, the Legislature has expressly authorized the shifting of expert witness fees as costs in certain types of actions.[1] (*Davis* v. *KGO-T.V., Inc., supra,* 17 Cal.4th at p. 442; *Jensen* v. *BMW of North America, Inc.* (1995) 35 Cal.App.4th 112, 138 [41 Cal.Rptr.2d 295].) No statute expressly authorizes as allowable costs in medical malpractice actions the fees of medical experts not ordered by the court.

Code of Civil Procedure section 1033.5 does not define "expert witnesses ordered by the court." However, the purpose of the statute was to codify existing case law. "As explained in an analysis prepared by the Assembly Judiciary Committee, Code of Civil Procedure section 1033.5 was intended not to alter existing law but, instead, to eliminate confusion by specifying for general purposes 'which costs are and which costs are not allowable.' (Assem. Jud. Com., 3d reading analysis of Sen. Bill No. 654 (1985-1986 Reg. Sess.) Apr. 17, 1986, p. 1.) The lists of allowable and nonallowable costs included in the statute, it explains, 'are essentially restatements of existing law, and to a large extent are codifications of case law.' (*Ibid.*) 'The California Judges Association (CJA), which is the source of this bill, states that the existing law, rules and procedures relating to the awarding of litigation costs are hard to find and hard to follow. This bill is intended to rectify that situation by enacting comprehensive statutory lists of which costs are and are not allowable so that litigants and judges will no longer have to search through myriad statutes, cases and treatises in order to determine whether a particular cost item is allowable. CJA states that the list is not intended to substantively change existing law but rather to, as nearly as possible, merely restate it in a central statutory location.' (*Id.* at p. 2.)" (*Davis* v. *KGO-T.V., Inc., supra,* 17 Cal.4th at p. 441.)

When Code of Civil Procedure section 1033.5 was enacted in 1986, existing case law provided that the fee of an expert witness appointed by the

---

[1]"For example, in a mandate action by a licensed land surveyor or a registered civil engineer to compel the filing of a record of survey, 'the court may award to the prevailing party costs and other expenses of litigation, including the payment of experts and other witnesses, and reasonable attorney's fees.' (Bus. & Prof. Code, § 8768.5; see also, e.g., Corp. Code, § 1305, subd. (e) [action to compel the purchase of dissenting shareholders' interests]; Gov. Code, § 8670.56.5, subd. (e) [action under the Lempert-Keene-Seastrand Oil Spill and Response Act]; Harb. & Nav. Code, § 294, subd. (e) [action under Miller Anti-Pollution Act of 1971]; Civ. Code, §§ 987, subd. (e)(4), 989, subd. (f)(1) [action to preserve or restore artwork]; Civ. Code, § 1745, subd. (d) [action against a dealer in art objects produced in more than one copy]; Fam. Code, § 7553 [action to determine paternity]; Code Civ. Proc., § 1036 [action for inverse condemnation]; *id.,* § 1038, subd. (b) [action under California Tort Claims Act]; *id.,* § 1141.21, subd. (a)(iii) [judgment on trial de novo].)" (*Davis* v. *KGO-T.V., Inc., supra,* 17 Cal.4th at p. 442.)

court under Evidence Code sections 730[2] and 731[3] was allowable as a cost, while the fee of an expert not so appointed was not allowable. (Evid. Code § 733[4]; *Metropolitan Water Dist.* v. *Adams* (1944) 23 Cal.2d 770, 773-774 [147 P.2d 6]; *ABC Egg Ranch* v. *Abdelnour* (1963) 223 Cal.App.2d 12, 18-19 [35 Cal.Rptr. 487]; *Kennedy* v. *Byrum* (1962) 201 Cal.App.2d 474, 482-483 [20 Cal.Rptr. 98] [all interpreting Code Civ. Proc., former § 1871, the predecessor statute of Evid. Code, §§ 730-733].) Accordingly, an expert witness ordered by the court is one who has been appointed by the court pursuant to Evidence Code section 730 or other statutory authority. In the absence of an order of the trial court appointing an expert witness, the fees of an expert witness are not recoverable as costs under Code of Civil Procedure section 1032. (*Davis* v. *KGO-T.V., Inc.*, *supra*, 17 Cal.4th at pp. 439-442.) The reason for the distinction is related to the partiality of the expert witness. " '[W]here, as here, an [expert] is not appointed by the court but is employed by one of the parties, "the temptation to act in the interest of such party must be apparent" and "the court should not require the opposite party to pay for the services thus rendered." ' [Citations.]" (*Id.* at pp. 440-441.)

■ Sanchez argues that medical experts are necessary in medical malpractice actions in order for a plaintiff to meet its burden of proof as to the standard of care and breach of the standard of care elements. Thus, Sanchez asserts medical experts in medical malpractice actions have effectively been ordered by the court. This is incorrect. The fact that an expert is necessary to present a party's case does not mean that expert has been ordered by the court for purposes of recovery of expert witness fees as costs. (Cf. *Metropolitan Water Dist.* v. *Adams*, *supra*, 23 Cal.2d at p. 773.)

The medical experts for whom fees were sought as costs in this case were employed by Sanchez. The medical experts were not appointed by the court.

---

[2]Evidence Code section 730 provides in relevant part: "When it appears to the court, at any time before or during the trial of an action, that expert evidence is or may be required by the court or by any party to the action, the court on its own motion or on motion of any party may appoint one or more experts to investigate, to render a report as may be ordered by the court, and to testify as an expert at the trial of the action relative to the fact or matter as to which the expert evidence is or may be required. The court may fix the compensation for these services, if any, rendered by any person appointed under this section, in addition to any service as a witness, at the amount as seems reasonable to the court."

[3]Evidence Code section 731 provides in relevant part: "(c) Except as otherwise provided in this section, in all civil actions, the compensation fixed under Section 730 shall, in the first instance, be apportioned and charged to the several parties in such proportion as the court may determine and may thereafter be taxed and allowed in like manner as other costs."

[4]Evidence Code section 733 provides: "Nothing contained in this article shall be deemed or construed to prevent any party to any action from producing other expert evidence on the same fact or matter mentioned in Section 730; but, where other expert witnesses are called by a party to the action, their fees shall be paid by the party calling them and only ordinary witness fees shall be taxed as costs in the action."

Accordingly, pursuant to the express language of Code of Civil Procedure section 1033.5, Sanchez may not recover the medical expert witness fees as costs.

## DISPOSITION

The order awarding costs is modified by deleting medical expert witness fees in the amount of $10,875, resulting in a cost award of $9,553.91. In all other respects, the cost order is affirmed. Appellants are awarded their costs on appeal.

Turner, P. J., and Armstrong, J., concurred.

Respondents' petition for review by the Supreme Court was denied January 19, 2000. Mosk, J., was of the opinion that the petition should be granted.