[No. E032995. Fourth Dist., Div. Two. Aug. 20, 2003.]

PATRICIA BAKER-HOEY et al., Plaintiffs and Respondents, v. LOCKHEED MARTIN CORPORATION, Defendant and Appellant.

## Counsel

Gibson, Dunn & Crutcher, Robert S. Warren, Robert W. Loewen, David A. Battaglia, Peter E. Perkowski; Holmes Roberts & Owen and Linnea Brown for Defendant and Appellant.

Engstrom, Lipscomb & Lack, Walter J. Lack, Gary A. Praglin, Ann A. Howitt; Girardi & Keese and Thomas V. Girardi for Plaintiffs and Respondents.

## Opinion

**HOLLENHORST, J.**—Under Code of Civil Procedure section 1033.5, subdivision (a)(7), the prevailing party in tort litigation may recover as costs the ordinary witness fees, as defined in Government Code section 68093 and Code of Civil Procedure section 1986.5, which were incurred in deposing a witness.[1] In this case, we hold that the ordinary witness fees do not include a treating physician's reasonable and customary hourly or daily fees which must be paid under section 2034, subdivision (i)(2) in order to take the deposition of the treating physician.

We also hold that the prevailing party may not recover the costs of a discovery referee as a matter of right and the trial court did not abuse its discretion in denying recovery under the circumstances of this case.

---

[1] Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

## The Underlying Litigation

Lockheed Martin Corporation appeals the trial court's granting of a motion to tax certain costs in this case, which is also known as the Redlands tort litigation. The Redlands tort litigation began as a class action alleging that defendant Lockheed Martin Corporation and others conducted manufacturing operations in Redlands beginning in 1954, and that those operations discharged dangerous chemicals which contaminated the city's drinking water supply. The action alleged that this contaminated water was used by many of the residents of the city. Plaintiffs sought a court order requiring defendants to fund a court-supervised program for the medical monitoring of class members, estimated at 50,000 to 100,000 persons. The trial court certified the class but we reversed, finding that class certification was inappropriate because individual issues clearly predominated. Our Supreme Court affirmed our decision, finding that plaintiffs had not met their burden of proving that common issues of law and fact predominate. (*Lockheed Martin Corp. v. Superior Court* (2003) 29 Cal.4th 1096, 1101–1103 [131 Cal.Rptr.2d 1, 63 P.3d 913].)

## The Motion for Summary Judgment

In December 2001, Lockheed Martin brought a motion for summary judgment or summary adjudication against certain plaintiffs, alleging that their individual claims were barred by the statute of limitations. The trial court agreed with Lockheed Martin that the individual claims of eight plaintiffs were time-barred for some or all of their causes of action.

## The Motion to Tax Costs

Lockheed Martin then filed cost memoranda seeking cost reimbursements from each of the eight defeated plaintiffs. The lengthy memoranda presented various calculations to allocate a fraction of the costs of the litigation to each of the eight plaintiffs. For example, using this allocation system, Lockheed Martin sought costs of $16,783.16 from plaintiff Patricia Baker-Hoey. Costs were sought from the other seven defeated plaintiffs in sums ranging from $15,237.48 to $31,388.35.

In May 2002, plaintiffs filed their detailed objections to the cost memoranda and concurrent motions to tax the costs. The objections included the contention that plaintiffs should not have to pay for the costs of the depositions of the plaintiffs' respective treating physicians. Plaintiffs argued that those costs are not properly recoverable under section 1033.5. Plaintiffs also argued that they should not have to pay the costs of the discovery referee, including time charged for the referee's attendance at individual depositions.

In rebuttal, Lockheed Martin argued that it should be reimbursed for the fees it had to pay to take the depositions of the treating physicians, and the fees it paid to the discovery referee.

A hearing was held on July 15, 2002. The court refused to make a general apportionment of costs to plaintiffs and instead decided that "[t]he rationale has to be reasonableness of the fees on a case-by-case basis, cost-by-cost basis to determine what is reasonable as to fees as to each of the Plaintiffs." After considering a number of other issues, the trial court reviewed the statutes and tentatively ruled that Lockheed Martin could not recover the full costs of taking the deposition of the treating physicians for each of the eight plaintiffs. It also tentatively ruled that the original payment schedule for apportionment of the costs of the discovery referee would govern, and Lockheed Martin could not recover the fees it paid to the discovery referee as costs.

After further briefing, the cost issues were again heard on October 16, 2002. At the conclusion of that hearing, the trial court adopted its tentative rulings and issued its order on the objections to claimed costs. As noted above, two aspects of that order are contested here.[2] Lockheed Martin contends the trial court erred (1) in allowing only $35 a day for the depositions of plaintiffs' treating physicians, instead of their customary hourly and daily fees; and (2) in refusing to allow recovery of costs paid to the court-appointed discovery referee.[3]

STANDARD OF REVIEW

The parties agree that the applicable standard of review for the issue of the allowance of the costs of deposing treating physicians is de novo review. "On review of an award of attorney fees after trial, the normal standard of review is abuse of discretion. However, de novo review of such a trial court order is warranted where the determination of whether the criteria for an award of attorney fees and costs in this context have been satisfied amounts to statutory construction and a question of law. [Citations.]" (*Carver v. Chevron U.S.A., Inc.* (2002) 97 Cal.App.4th 132, 142 [118 Cal.Rptr.2d 569].)

---

[2] A third issue is raised in the notice of appeal but is not addressed in appellant's brief. Accordingly, we deem it waived.

[3] On April 30, 2003, we filed an opinion granting in part a petition for writ of mandate on the effect of the delayed discovery rule on the statute of limitations issues. (*Lockheed Martin Corp. v. Superior Court* (April 30, 2003, E031381) review granted July 24, 2003, S116471.)The issues in that opinion are unrelated to the issues presented here.

Also pending in this court is a writ petition in the Redlands tort litigation (E033201). The issues in that case are unrelated to the issues in this case.

We agree with the parties. As will be seen, the first issue is an issue of statutory interpretation and a de novo standard of review is appropriate.[4]

Plaintiffs contend that the abuse of discretion standard of review is the proper standard to use in deciding whether the trial court properly denied the fees of the discovery referee. They point out that the award or denial of such fees is discretionary under section 1033.5, subdivision (c)(4). (*Winston Square Homeowner's Assn. v. Centex West, Inc.* (1989) 213 Cal.App.3d 282, 292–293 [261 Cal.Rptr. 605].) We agree and apply the abuse of discretion standard of review to the second issue.

### General Principles

"The 'costs' of a civil action consist of the expenses of litigation, usually excluding attorney fees. Under the common law rule, parties to litigation must bear their own costs. The right to recover any of such costs is determined entirely by statute. 'It is axiomatic that the right to recover costs is purely statutory, and, in the absence of an authorizing statute, no costs can be recovered by either party.' [Citations.]" (*Davis v. KGO-T.V., Inc.* (1998) 17 Cal.4th 436, 439 [71 Cal.Rptr.2d 452, 950 P.2d 567].)

"This general rule is subject to numerous exceptions, including those found in Code of Civil Procedure section 1032, subdivision (b), which provides that unless otherwise statutorily prohibited, the prevailing party is entitled to recover 'costs.' The primary statutory provision with respect to the types of expenses that may or may not be included in a cost award under Code of Civil Procedure section 1032 is found in section 1033.5 of that code." (*Ripley v. Pappadopoulos* (1994) 23 Cal.App.4th 1616, 1622 [28 Cal.Rptr.2d 878].)

"This means that the prevailing party is entitled to all of his costs unless another statute provides otherwise. [Citation.] Absent such statutory authority, the court has no discretion to deny costs to the prevailing party. [Citation.]" (*Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 129 [84 Cal.Rptr.2d 753]; *Ladas v. California State Auto. Assn.* (1993) 19 Cal.App.4th 761, 774 [23 Cal.Rptr.2d 810].)

---

[4] Section 1033.5, subdivision (c)(2) provides that "[a]llowable costs shall be reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation." Subdivision (c)(3) states: "Allowable costs shall be reasonable in amount." At some points in its discussion, the trial court alluded to these overriding principles. To the extent that the trial court based its decision on these subdivisions, the abuse of discretion standard of review would be appropriate. (*Perko's Enterprises, Inc. v. RRNS Enterprises* (1992) 4 Cal.App.4th 238, 244–245 [5 Cal.Rptr.2d 470].) However, it appears that the decision of the trial court in this case was primarily based on its interpretation of the statutes and a de novo standard of review is therefore appropriate.

### Recovery of the Witness Fees Charged by Treating Physicians as Costs

In a case management order dated June 2, 1999, the referee allowed defendants to depose certain plaintiffs and their treating health care providers. Lockheed Martin claims that it "took the depositions of Respondents' treating physicians, examining them on their percipient knowledge of the illnesses and injuries forming the basis of Respondents' claims, with particular focus on their diagnosis, treatment, and prognosis of Respondents." In order to do so, Lockheed Martin had to pay the customary hourly and daily fees of the treating physicians.

Plaintiffs do not disagree factually, but rather contend that the fees paid to the doctors were expert witness fees which are not recoverable as costs under section 1033.5, subdivision (b)(1). Section 1033.5, subdivision (b)(1) states: "The following items are not allowable as costs, except when expressly authorized by law: [¶] (1) Fees of experts not ordered by the court." Since the treating physicians were not experts ordered by the court, plaintiffs argue that this provision applies to bar recovery of the costs incurred to take their depositions. Recovery of their reasonable and customary hourly or daily fees would therefore be prohibited.

Lockheed Martin contends that it is entitled to a cost award which includes the actual costs it had to pay in order to depose the treating physicians. It finds express statutory authority for the recovery of such costs.

As noted above, the prevailing party is entitled to recover the costs specified in section 1033.5, subdivision (a). (§ 1032, subd. (b).) Lockheed Martin relies on section 1033.5, subdivision (a)(7). That provision states that the prevailing party is entitled to recover "[o]rdinary witness fees pursuant to Section 68093 of the Government Code." Section 68093 provides: "Except as otherwise provided by law, witness' fees for each day's actual attendance, when legally required to attend a civil action or proceeding in the superior courts, are thirty-five dollars ($35) a day and mileage actually traveled, both ways, twenty cents ($0.20) a mile."

The heart of Lockheed Martin's argument is its contention that the ordinary witness fee for a treating physician is not $35 a day under Government Code section 68093. Instead, Lockheed Martin invokes the "otherwise provided by law" clause and argues that the witness fees for depositions of treating physicians is otherwise provided in section 2034, subdivision (i)(2). Under that subdivision, the treating physician is entitled to be paid "the expert's reasonable and customary hourly or daily fee for any time spent at the deposition ...."

Lockheed Martin therefore contends that section 2034, subdivision (i)(2) is a provision which sets ordinary witness fees for treating physicians at the

amounts Lockheed was required to pay to depose them. It would therefore follow that such fees are recoverable as costs under section 1033.5, subdivision (a)(7) because the ordinary witness fee for a treating physician is now statutorily set as the physician's ordinary witness fee.

We disagree with Lockheed Martin for two reasons: (1) not all costs required to be paid by the prevailing party are recoverable costs under sections 1032 and 1033.5; and (2) section 1033.5, subdivision (b)(1) specifically disallows expert fees as costs unless the court has ordered the fees to be incurred.

The weak link in the statutory chain posited by Lockheed Martin is its reliance on the introductory clause of Government Code section 68093. That clause refers to fees which are recoverable costs under other statutes. A number of cases describe these statutes and emphasize that, except as provided by statute, expert witness fees are not recoverable as costs. For example, in *Ripley v. Pappadopoulos, supra,* 23 Cal.App.4th 1616, the court said: "In numerous specific types of cases the Legislature has seen fit to require the losing party to reimburse the prevailing party for the payment of expert witness fees .... When the numerous statutory provisions in which expert witness fees are expressly declared recoverable are considered together with the express prohibition against the inclusion of such fees in a cost award otherwise, the Legislature's intent becomes clear. The Legislature has reserved to itself the power to determine selectively the types of actions and circumstances in which expert witness fees should be recoverable as costs and such fees may not otherwise be recovered in a cost award." (*Id.* at pp. 1624–1625, fn. omitted.) The omitted footnote lists a number of statutes which provide for the recovery of expert witness fees as costs.

For example, Evidence Code section 731 provides for the payment of costs of a court-appointed expert, and further provides that the fee fixed by the court as compensation for the expert's services under Evidence Code section 730 is a recoverable cost. (Evid. Code, § 731, subd. (c).) Evidence Code section 733, on the other hand, provides that other expert evidence may be produced, "but, where other expert witnesses are called by a party to the action, their fees shall be paid by the party calling them and only ordinary witness fees shall be taxed as costs in the action."

As our Supreme Court puts it, "the Legislature has created exceptions to the general rule concerning costs, by expressly authorizing the shifting of the fees of an expert in specific types of actions." (*Davis v. KGO-T.V., Inc., supra,* 17 Cal.4th 436, 442.) The *Davis* opinion goes on to list specific examples which are not applicable here. (See also Wegner et al., Cal. Practice Guide: Civil Trials and Evidence (The Rutter Group 2002) ¶ 17:117, p.

17-38.) It is these specific exceptions, and the other exceptions cross-referenced in the editorial material accompanying the statute, which are referred to in the introductory clause to Government Code section 68093.

▮ In other words, section 2034, subdivision (i)(2) only requires the person taking the treating physician's deposition to pay the doctor's reasonable and customary hourly or daily fee in order to take the deposition. It does not provide that the fee is a recoverable cost. As a treatise puts it: "Under the previous statute, a deposition fee paid to an opponent's designated expert was not a 'cost' recoverable by the prevailing party. However, this ruling was based on a Government Code provision that stated that expert fees 'shall not be allowable costs.' After the adoption of the Discovery Act of 1986, this wording was deleted from that statute, and the statute itself no longer applies to discovery depositions of experts. Section 2034 is silent concerning any right of a prevailing party to recover deposition fees paid to an opponent's expert." (1 Hogan et al., Cal. Civil Discovery (1997) § 10.10, p. 557, fns. omitted.)

▮ Despite Lockheed Martin's contrary argument, not all required costs are recoverable. Only those costs which are specified in the statute are allowable as a matter of right under section 1033.5, subdivision (a). Under section 1033.5, subdivision (a)(8), the fees or expert witness fees ordered by the court are recoverable. The corollary, provided by section 1033.5, subdivision (b)(1), is that fees of experts not ordered by the court are not recoverable in the absence of a specific authorizing statute. We find that section 2034, subdivision (i)(2) is not such a statute.

Our Supreme Court has recently confronted a related issue. In *Schreiber v. Estate of Kiser* (1999) 22 Cal.4th 31, 33 [91 Cal.Rptr.2d 293, 989 P.2d 720], the court held that "section 2034 does not require the submission of an expert witness declaration for a treating physician ...." The court held that a treating physician does not become a retained expert within the meaning of section 2034, subdivision (a)(2), thus requiring the filing of an expert witness declaration, whenever the physician gives opinion testimony. (*Schreiber,* at p. 34.) The court explained that the declaration requirement applies only to certain expert witnesses, including retained experts, and a treating physician was not within any of the listed categories. (*Id.* at pp. 34–35.)

A treating physician is therefore not a retained expert: "A treating physician is a percipient expert, but that does not mean that his [or her] testimony is limited only to personal observations. Rather, like any other expert, he [or she] may provide both fact and opinion testimony. As the legislative history clarifies, what distinguishes the treating physician from a retained expert is not the content of the testimony, but the context in which he [or she] became

familiar with the plaintiff's injuries that were ultimately the subject of litigation, and which form the factual basis for the medical opinion." (*Schreiber v. Estate of Kiser, supra,* 22 Cal.4th 31, 35–36.) ■ Thus, while the treating physician is not a retained physician, the treating physician is clearly an expert. Accordingly, the right to recover the fees charged by the treating physician for a deposition are recoverable only if the expert was ordered by the court (§ 1033.5, subd. (a)(8)), and not otherwise (§ 1033.5, subd. (b)(1)).

"[A]n expert witness ordered by the court is one who has been appointed by the court pursuant to Evidence Code section 730 or other statutory authority. In the absence of an order of the trial court appointing an expert witness, the fees of an expert witness are not recoverable as costs under Code of Civil Procedure section 1032." (*Sanchez v. Bay Shores Medical Group* (1999) 75 Cal.App.4th 946, 950 [89 Cal.Rptr.2d 634]; *Desplancke v. Wilson* (1993) 14 Cal.App.4th 631, 635–636 [17 Cal.Rptr.2d 586].) "The fact that an expert is necessary to present a party's case does not mean that expert has been ordered by the court for purposes of recovery of expert witness fees as costs. [Citation.]" (*Sanchez v. Bay Shores Medical Group, supra,* 75 Cal.App.4th 946, 950.) ■ Thus, the fact that expert witness fees had to be paid under section 2034, subdivision (i)(2) in order to take the depositions of the treating physicians does not mean that those fees are necessarily recoverable costs.

Such fees are simply not ordinary witness fees as described in section 1033.5, subdivision (a)(7) and Lockheed Martin cannot, by the verbal alchemy of its skilled attorneys, successfully transmute the phrase "ordinary witness fees" into a higher category entitled "ordinary witness fees of treating physicians." ■ Treating physicians are experts and recovery of their fees as costs are accordingly governed by section 1033.5's provisions governing expert witness fees, not the provisions applicable to ordinary witnesses.

The court in *Thon v. Thompson* (1994) 29 Cal.App.4th 1546 [35 Cal.Rptr.2d 346] held that "[w]e may not construe a statute to add a restriction it does not contain." (*Id.* at p. 1548.) We hold that we may not construe a statute to include a meaning to which it is not reasonably susceptible, i.e., the provision for allowance of ordinary witness fees cannot reasonably be interpreted to mean that the ordinary witness fees of treating physicians are different from the fees payable to other ordinary witnesses under section 1986.5. (Civ. Code, § 3542 [interpretation must be reasonable]; *Ford v. Gouin* (1992) 3 Cal.4th 339, 348 [11 Cal.Rptr.2d 30, 834 P.2d 724] [" 'Rules of statutory construction require courts to construe a statute to promote its purpose, render it reasonable, and avoid absurd consequences.' [Citation.].")

The purpose of section 1033.5 supports this conclusion: "[S]ection 1033.5 was intended not to alter existing law but, instead, to eliminate confusion by specifying for general purposes 'which costs are and which costs are not allowable.' [Citation.] The lists of allowable and nonallowable costs included in the statute, it explains, 'are essentially restatements of existing law, and to a large extent are codifications of case law.' [Citation.]" (*Davis v. KGO-T.V., supra,* 17 Cal.4th 436, 441.) But, "under the decisional law codified by Code of Civil Procedure section 1033.5, costs were generally not considered to include the fees of experts not ordered by the court." (*Davis,* at p. 444.)

Section 1033.5 was enacted in 1986. Decisional law before that did not allow recovery of expert witness fees as costs. For example, in a 1985 case, the court said: "Accordingly, where a witness testifies not only as an expert but also as a percipient witness, the witness is entitled to only ordinary witness fees. [Citations.]" (*Stiles v. Estate of Ryan* (1985) 173 Cal.App.3d 1057, 1067 [219 Cal.Rptr. 647].) In another 1985 case, a court considered former Government Code section 68092.5 and noted that it provided that expert witness fees were not allowable costs or disbursements. (*Rose v. Hertz Corp.* (1985) 168 Cal.App.3d Supp. 6, 12–13 [214 Cal.Rptr. 795].) In an earlier case, the court pointed out that the statute, former section 1871, provided that a party calling an expert witness is only entitled to recover ordinary witness fees. (*Metropolitan Water Dist. v. Adams* (1944) 23 Cal.2d 770, 772 [147 P.2d 6].) Thus, at the time of the enactment of section 1033.5 in 1986, expert witness fees were generally not allowed as costs. The statute only codified this case law rule. (*Davis v. KGO-T.V., Inc., supra,* 17 Cal.4th 436, 439–444, and cases cited.)

Another long-standing case law rule was that a treating physician who was called as a percipient witness was not entitled to an expert witness fee. (*Brun v. Bailey* (1994) 27 Cal.App.4th 641 [32 Cal.Rptr.2d 624].) In 1995, the Legislature amended section 2034, subdivision (i)(2) to abrogate the holding of *Brun v. Bailey, supra,* 27 Cal.App.4th 641. The amended statute provides that a treating physician is entitled to his or her reasonable and customary hourly or daily fees for attendance at his or her deposition. But, as noted above, the amended statute does not provide that fees paid to treating physicians are recoverable costs.

In the absence of statutory authority that makes the costs incurred in deposing treating physicians recoverable by the prevailing party, the trial court correctly concluded that such costs are not recoverable.

### The Costs of the Discovery Referee Are Not Recoverable

Lockheed Martin also contends that it is entitled to recover the fees it paid to the court-appointed discovery referee. The parties each cite *Winston Square*

*Homeowner's Assn. v. Centex West, Inc., supra,* 213 Cal.App.3d 282. In that case, the trial court appointed a special master to control discovery and conduct settlement conferences. The prevailing party sought to recover the special master fees as costs under section 1033.5, subdivision (c)(4). That subdivision provides: "Items not mentioned in this section and items assessed upon application may be allowed or denied in the court's discretion."

The *Winston* court said: "A special master having been appointed by the court, his or her fee is analogous to the award of '[f]ees of expert witnesses ordered by the court.' (§ 1033.5, subd. (a)(8); see *Estrin v. Fromsky* (1942) 53 Cal.App.2d 253, 255 [127 P.2d 603]....) The expense of court-appointed experts is first apportioned and charged to the parties, and then the prevailing party's share is allowed as an item of costs. [Citation.] [¶] The trial court acted well within the broad discretion granted to it by section 1033.5, subdivision (c)(4), when it allowed the special master fees as an item of costs." (*Winston Square Homeowner's Assn. v. Centex West, Inc., supra,* 213 Cal.App.3d 282, 293.)

In this case, plaintiffs filed a motion for the appointment of a discovery referee in August 1997. The trial court signed an order of reference on March 20, 1998. The order states that the parties agreed to the appointment of a discovery referee pursuant to section 639. The order specifically provides that the compensation and expenses of the referee would be divided equally by plaintiffs on one side and the number of defendants involved on the other side.

The referee was heavily involved in discovery issues and even attended some of the plaintiffs' depositions. In its cost memoranda, Lockheed Martin allocated the costs of the discovery referee to the eight defeated plaintiffs. In the motion to tax costs, plaintiffs argued that, although the trial court had the discretion to burden plaintiffs with these costs, it should not do so because the costs were not reasonable and necessary under section 1033.5, subdivision (c)(2) and (3). In response, Lockheed Martin relied on *Winston* and argued that the referee's fees were specifically recoverable as expert witness fees under section 1033.5, subdivision (a)(8). In its ruling, the trial court declined to order recovery of the referee's fees. It found that the originally ordered apportionment of the fees between the parties remained appropriate. It therefore denied Lockheed's attempt to recover referee fees as costs.

In addition to *Winston*, Lockheed Martin relied on *Gibson v. Bobroff* (1996) 49 Cal.App.4th 1202 [57 Cal.Rptr.2d 235] and *Applegate v. St. Francis Lutheran Church* (1994) 23 Cal.App.4th 361 [28 Cal.Rptr.2d 436].

In *Gibson,* the court relied on section 1033.5, subdivision (c)(4) to hold that an award of mediation expenses as costs was not an abuse of discretion.

(*Gibson v. Bobroff, supra,* 49 Cal.App.4th 1202, 1207–1210.) The court found that certain policy goals were furthered by such an award, and that the award of mediation expenses was reasonably necessary to the conduct of the litigation.

In *Applegate,* the court found that it was within the trial court's discretion to allow recovery of costs for certain photographs and exhibits which were necessary to the conduct of the litigation under section 1033.5, subdivision (c)(2). The court relied on section 1033.5, subdivision (c)(4) and said: "Courts have allowed a variety of costs under authority of this subdivision which were neither specifically authorized nor disallowed by section 1033.5. Allowable costs in the discretion of the trial court may include legislative history material, arbitrator's fees, and the fees of a special master. [Citations.]" (*Applegate v. St. Francis Lutheran Church, supra,* 23 Cal.App.4th 361, 364.)

The costs of the discovery referee claimed by Lockheed Martin are not mentioned as allowable costs in section 1033.5, subdivision (a) or as disallowed costs in section 1033.5 subdivision (b). They are clearly items not mentioned in the section which are subject to allowance or disallowance under section 1033.5, subdivision (c)(4).

We therefore reject Lockheed Martin's contention that it is entitled to recover the costs of the discovery referee as expert witness fees under section 1033.5, subdivision (a)(8). Although Lockheed Martin relies on *Winston,* that case merely held that such costs were *analogous* to expert witness fees, not that they *were* expert witness fees within the meaning of section 1033.5, subdivision (a)(8). (*Winston Square Homeowner's Assn. v. Centex West, Inc., supra,* 213 Cal.App.3d 282, 293.)

In addition, Lockheed suggests that the costs of the discovery referee are recoverable as motion fees or deposition fees under section 1033.5, subdivision (a)(1) and (3), because it had to pay the fees to participate in the discovery process, including bringing and defending motions to resolve disputes during the discovery process. But, as we emphasized in the preceding section, not all costs incurred by a litigant are recoverable costs. To be recoverable as a matter of right under section 1032, subdivision (b), the costs must be expressly allowable under section 1033.5, subdivision (a), and must meet the reasonableness requirements of section 1033.5, subdivision (c). The costs here were not specifically allowable under section 1033.5, subdivision (a), because that subdivision does not provide that the fee of a discovery referee is an allowable cost.

However, as the foregoing cases hold, the fees of a special master can properly be awarded as costs under the broad discretion given to the trial

court under section 1033.5, subdivision (c)(4). (*Winston Square Homeowner's Assn. v. Centex West, Inc., supra*, 213 Cal.App.3d 282, 293.) In such a case, the costs must be "reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation" and must be "reasonable in amount." (§ 1033.5, subd. (c)(2) & (3).) While we agree with Lockheed Martin that the payment of the fees was, in view of the court's reference order, necessary to the conduct of the litigation, that does not end the matter.

The real issue is whether the trial court abused its discretion in allocating such fees in accordance with the original reference order instead of allowing Lockheed Martin to recover its share of such fees as costs.

We cannot find an abuse of discretion. As *Winston* notes, the trial court's discretion is broad. The subject litigation is complex litigation, and the trial court was in the best position to decide whether the fees charged by the discovery referee should be allowed. For example, the bulk of the fees sought to be recovered were the costs of the discovery referee's attendance at various depositions. The trial court was certainly in a far better position than this court to determine whether such fees were reasonably necessary to the conduct of those depositions. (*Nelson v. Anderson, supra*, 72 Cal.App.4th 111, 133.)

The trial court may have found that the discovery referee's fees should be divided equally because they were not reasonably necessary to the conduct of the depositions, or because the parties were equally responsible for the conditions which led to the need for such close supervision of the deposition process. Or, as the trial court indicated at the beginning of its discussion, it may have applied an overriding reasonableness standard on a case-by-case and cost-by-cost basis under section 1033.5, subdivision (c)(3).

The determination of reasonableness is peculiarly within the trial court's discretion. (*Thon v. Thompson, supra*, 29 Cal.App.4th 1546, 1548.) "Whether a cost is 'reasonably necessary to the conduct of the litigation' is a question of fact for the trial court, whose decision will be reviewed for abuse of discretion. [Citations.]" (*Gibson v. Bobroff, supra*, 49 Cal.App.4th 1202, 1209.) The parties presented various allocations of expenses to the eight defeated plaintiffs in exquisite detail, and we cannot say the trial court's decision to allocate the expenses of the discovery referee equally is unreasonable. Accordingly, we are unable to find an abuse of discretion by the trial court in granting plaintiffs' motion to tax the costs of the discovery referee.

## DISPOSITION

The judgment is affirmed.

Ramirez P. J., and Gaut J., concurred.