Filed 7/30/15  Dixon Gas Club LLC v. Safeway Inc. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DIXON GAS CLUB LLC,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>SAFEWAY INC.,<br><br>        Defendant and Respondent. | A139910<br><br>(Alameda County<br>  Super. Ct. No. VG08387771) |

This is an appeal from a post-judgment order denying the motion to tax costs filed by plaintiff Dixon Gas Club LLC (Dixon) against defendant Safeway, Inc. (Safeway). Safeway moved for an award of costs after prevailing against Dixon in a lawsuit brought under California's Unfair Practices Act (Bus. & Prof. Code, § 17000 et seq.) and unfair competition law (Bus. & Prof. Code, § 17200 et seq).  Dixon then moved to tax costs, which motion the trial court denied in all but one regard before ultimately awarding Safeway a total of $103,421.38 in costs.[1]  We affirm.

---

[1]     After Dixon filed its motion to tax costs, Safeway voluntarily withdrew one of the challenged cost items – to wit, a $200 filing fee Safeway incurred in connection with a court filing.  The trial court thereafter denied recovery of this cost item, which is not subject to dispute on appeal.

1

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On July 5, 2013, Safeway filed a verified Memorandum of Costs pursuant to Code of Civil Procedure section 1032 claiming $94,340.13 in costs.  Safeway then filed an amended verified Memorandum of Costs on July 8, 2013 (hereinafter, cost memorandum), in which it added a claim for costs related to expert witness depositions, for a revised total of $103,621.38.

On July 18, 2013, Dixon filed its motion to tax costs.  In particular, Dixon challenged four cost items claimed by Safeway:  (1) deposition costs; (2) costs for models, blowups and photocopies of exhibits; (3) messenger service fees; and (4) trial equipment rental costs.  To support this motion, Dixon filed a one-page declaration from its trial counsel, James Dombroski.  Safeway opposed the motion, and a hearing was then held on September 6, 2013.

Following this hearing, the trial court denied Dixon's motion to tax costs with the exception of one claimed cost – to wit, a $200 court filing fee that Safeway voluntarily withdrew when opposing the motion.  In reaching this decision, the trial court found with respect to Dixon's challenges to particular costs items that Dixon had failed to meets its burden of proving the claimed costs were not reasonably necessary, such that the burden never shifted back to Safeway to prove otherwise.  Alternatively, the trial court found Safeway's challenged cost items were in fact reasonable and necessary.  With respect to the evidentiary objections Dixon raised with respect to the declaration of Safeway's counsel, which was offered in opposition to the motion, the trial court found the objections went to the weight of the evidence rather than the admissibility, and thus were improper.  This appeal followed.

---

[2]    A complete recitation of material facts in Dixon's underlying lawsuit against Safeway is set forth in *Dixon v. Safeway Inc*., A139283, July 29, 2015 (nonpub.).  In this related decision, we affirmed the trial court's judgment in favor of Safeway after it dismissed Dixon's four causes of action under the unfair competition law and the Unfair Practices Act.

## DISCUSSION

Dixon's challenge on appeal relates to the trial court's award of $103,421.38 in costs to Safeway and admission of certain evidence Safeway offered in support of these costs. The relevant law is well-established.

A prevailing party in a civil action or proceeding is generally entitled to recover costs. (Code of Civil Procedure section § 1032, subd. (b).)[3] " 'Section 1033.5, enacted in 1986, codified existing case law and set forth the items of costs which may or may not be recoverable in a civil action. [Citation.]' (*Van de Kamp v. Gumbiner* (1990) 221 Cal.App.3d 1260, 1291 [270 Cal.Rptr. 907].) An item not specifically allowable under subdivision (a) nor prohibited under subdivision (b) may nevertheless be recoverable in the discretion of the court if 'reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation.' (§ 1033.5, subd. (c)(2).)" [4] (*Ladas v. California State Auto. Assn.* (1993) 19 Cal.App.4th 761, 773-774 (*Ladas*).)

"If the items appearing in a cost bill appear to be proper charges, the burden is on the party seeking to tax costs to show that they were not reasonable or necessary. On the other hand, if the items are properly objected to, they are put in issue and the burden of proof is on the party claiming them as costs. [Citations.] Whether a cost item was reasonably necessary to the litigation presents a question of fact for the trial court and its decision is reviewed for abuse of discretion. [Citation.] However, because the right to costs is governed strictly by statute [citation] a court has no discretion to award costs not statutorily authorized. [Citations.]" (*Ladas, supra,* 19 Cal.App.4th at p. 774. See also *Carver v. Chevron U.S.A., Inc.* (2002) 97 Cal.App.4th 132, 142 ["de novo review of . . . a trial court [cost] order is warranted where the determination of whether the criteria for

---

[3] Unless otherwise stated, all statutory citations herein are to the Code of Civil Procedure.

[4] The following items are statutorily prohibited as costs: "(1) Fees of experts not ordered by the court. [¶] (2) Investigation expenses in preparing the case for trial. [¶] (3) Postage, telephone, and photocopying charges, except for exhibits. [¶] (4) Costs in investigation of jurors or in preparation for voir dire. [¶] (5) Transcripts of court proceedings not ordered by the court." (§ 1033.5, subd. (b).)

3

an award of attorney fees and costs in [a particular] context have been satisfied amounts to statutory construction and a question of law"]; accord *Baker-Hoey v. Lockheed Martin Corp*. (2003) 111 Cal.App.4th 592, 596.)

Here, Safeway's memorandum of costs included a total of $103,621.38 in costs "as a matter of right" under section 1033.5, subdivision (a). This amount included $2,033.35 in filing and motion fees (§ 1033.5, subd. (a)(1)), $68,067.57 in deposition costs (*id*., subd. (a)(3)), $17,501.61 in exhibit-related costs (including models, blowups and photocopies) (*id*., subd. (a)(13)), and $16,018.85 in "other costs" (including messenger filing fees and expert witness deposition fees). Dixon contends certain of these costs were excessive, not recoverable, unnecessary, or lacking adequate evidentiary support (such as itemized bills or records).[5] In addition, Dixon challenges the admissibility of the declaration submitted in support of Safeway's cost memorandum by its trial counsel, Andrew Lanphere, which Dixon claims is conclusory, not based on personal knowledge and in violation of the best evidence rule.

Before addressing Dixon's challenges to Safeway's specific cost items, we first consider its more general argument relating to the applicable burden of proof. As set forth above, "[i]f the items appearing in a cost bill appear to be proper charges, the burden is on the party seeking to tax costs to show that they were not reasonable or necessary. On the other hand, if the items are properly objected to, they are put in issue and the burden of proof is on the party claiming them as costs." (*Ladas, supra,* 19 Cal.App.4th at p. 774.) Dixon insists this rule applies here to shift the burden to Safeway to prove the challenged items of cost were reasonably necessary. We, however, agree with the trial court that burden shifting is not called for on this record. As the above-cited authority makes clear, burden-shifting occurs where cost items have been "properly

---

[5]     Specifically, Dixon's motion to tax costs challenged four categories of cost items: travel-related deposition costs for 14 witnesses or potential witnesses (item 4 of the amended memorandum of costs); costs for models, blowups and copies of trial exhibits (including 13 demonstrative exhibits not used at trial); trial equipment rental costs (item 11); and "other" costs, including messenger fees incurred in connection with court filings (item 13).

4

objected to." (*Ibid.*)  Here, the trial court found that Dixon failed to properly object to Safeway's verified cost memorandum, or Safeway's supportive declaration (the Lanphere declaration), such that Dixon had the burden to prove the challenged cost items unreasonable or unnecessary.  The trial court's decision in this regard was appropriate.

In particular, we reject Dixon's claim that the Lanphere declaration should have been excluded as wholly conclusory "in terms of establishing what sums were incurred or paid" and not based on personal knowledge.  In making this claim, Dixon insists "it defies logic to believe the declarant had personal knowledge as to what was expended or why the expenditure . . . was necessary."[6]  We disagree.  It is indeed quite reasonable for the attorney charged with representing a client at trial to have personal knowledge of the expenses incurred by or on behalf of the client during the litigation.  Dixon offers no evidence in this case to prove otherwise.  Instead, Dixon offers an assertion by its own counsel that, "Upon information and belief, the amounts [claimed by Safeway] which are either not recoverable or excessive [are]:  messenger filing fees; depo travel fees for [13 named deponents]; all depo videotaping and transcribing; all trial exhibits, including equipment costs; all messenger fees."  The trial court was under no obligation to accept this conclusory statement, lacking, as it were, any basis in actual fact, as a sufficient rebuttal to Safeway's prima facie showing that its claimed costs were recoverable.  (See *Jones v. Dumrichob* (1998) 63 Cal.App.4th 1258, 1266-1268 [mere assertions that claimed costs are not necessary or reasonable are insufficient to shift burden of proof to the moving party]; accord *Ladas, supra*, 19 Cal.App.4th at pp. 774-775.)

Moreover, with respect to Dixon's related contention, we know of no authority requiring a verified memorandum of costs to include actual "checks, bills or invoices" for

---

[6]     Dixon's reliance on the best evidence rule as a basis for challenging the admissibility of the Lanphere declaration is misplaced.  As Safeway notes, this rule applies where oral testimony is offered to prove the content of a particular writing.  (See Evid. Code, §§ 1521, 1523.)  Here, to the contrary, the declarant's statements were offered to prove that Safeway reasonably and necessarily incurred certain costs during trial, which costs were then recorded in the cost memorandum; it was not offered to prove the content of that cost memorandum.

those costs in order to be successful. As such, we conclude the trial court had a proper basis for overruling Dixon's evidentiary objections and accepting Safeway's prima facie showing of recoverable costs, particularly given that, as the court noted, "[Dixon] made no attempt to meet [its] burden with evidence of its own." (See *People v. Alvarez* (1996) 14 Cal.4th 155, 203 [the "appellate court reviews any ruling by a trial court as to the admissibility of evidence for abuse of discretion"].)

We briefly address Dixon's alternative argument in attempting to avoid its burden of proof. Specifically, Dixon points to the general principle that, where evidence needed to establish an essential fact is "peculiarly within the knowledge and competence of one of the parties," that party has the burden of producing evidence as to that fact even where the other party has raised the underlying claim. (E.g., *Amaral v. Cintas Corp. No. 2* (2008) 163 Cal.App.4th 1157, 1189.) According to Dixon, essential facts related to the costs Safeway incurred in the trial court are "exclusively within [its] possession" and, thus, that Safeway bears the burden of proving those costs reasonable and necessary. We again disagree. The law, set forth above, is well-settled regarding the parties' respective burdens of proof when a prevailing party seeks to recover costs pursuant section 1032. (E.g., *Ladas, supra,* 19 Cal.App.4th at p. 774; *Jones v. Dumrichob, supra,* 63 Cal.App.4th at pp. 1266-1267.) Moreover, we find no reason on this record to stray from this established law. Indeed, this litigation spanned nearly five years, and the bench trial alone lasted three weeks. While Dixon suggests only Safeway acquired the knowledge and competence required to establish the reasonableness of its claimed cost items, Dixon points to no reason or circumstance why this would be true. To the contrary, the record reflects the parties mutually engaged in the discovery and trial process, such that there is no evident reason why Dixon's counsel would have been deprived of the necessary facts to challenge a particular cost item. Dixon's general assertion, without factual underpinning, that only Safeway had access to this knowledge must therefore be rejected.

Lastly, we turn to the challenges raised on appeal to specific cost items claimed by Safeway, which appear to be limited to the amounts expended on messenger services for filing court documents, certain exhibit-related costs (primarily, costs for exhibits not used

6

at trial), equipment rental (including electronic devices), and deposition-related costs (including travel costs for depositions).

First, with respect to the deposition costs incurred by Safeway, the bulk of which appear to relate to travel or recording/transcribing expenses, the following legal principles apply. "The necessity for a deposition and for the related expenditures is a question for the trial court's sound discretion. [Citation.] The burden of proof that the deposition was unnecessary or that the costs of taking the deposition were unreasonable is on the party seeking to have that item taxed or reduced." (*County of Kern v. Ginn* (1983) 146 Cal.App.3d 1107, 1113 (*Ginn*).)

In *Ginn*, the reviewing court held that the party moving to tax had failed its burden to prove the claimed deposition costs were not reasonably necessary where "[the moving party] merely alleged that the depositions were neither necessary nor reasonable under the circumstances." (146 Cal.App.3d at pp. 1113-1114.) We reach the same conclusion here. As discussed above, Dixon merely asserts that certain deposition costs incurred by Safeway were either unreasonable or unnecessary, without any explanation or supportive evidence. Such a showing, without more, does not overcome Safeway's verified cost memorandum, which states under penalty of perjury that all claimed items in the cost bill were reasonably and necessarily incurred, including those costs incurred to drive to San Jose and Sacramento to depose several witnesses, and to travel (airfare and lodging) to Southern California and New Jersey to depose three other witnesses. Indeed, as Safeway's counsel pointed out, in all but the case of the witness deposed in Sacramento, the depositions requiring travel were noticed by Dixon and involved individuals subsequently included on Dixon's witness list for trial. On this record, Dixon has not met its burden of disproving Safeway's verified statements. We thus affirm the trial court's finding that the claimed deposition costs were reasonably necessary within the meaning of section 1033.5, subdivision (a)(3). (§ 1033.5, subd. (a)(3) [authorizing costs for "Taking, video recording, and transcribing necessary depositions including an original and one copy of those taken by the claimant and one copy of depositions taken by the party against whom costs are allowed, and *travel expenses to attend depositions*"] (italics

7

added).  See also *Seever v. Copley Press, Inc*. (2006) 141 Cal.App.4th 1550, 1560 [concluding "the trial court was well within its discretion in awarding travel costs to depositions"] (*Seever*).)

Next, with respect to the messenger service costs, Dixon correctly notes these costs do not fall within any of the statutorily-delineated categories of permissible cost items and, as such, are not recoverable unless the moving party proves them reasonably necessary.  (See *Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 132.)  California courts have recognized that messenger service charges may be permitted under section 1033.5, subdivision (c)(4), based upon a proper showing by the prevailing party that such charges were reasonably necessary.  In *Ladas*, for example, the reviewing court affirmed a decision by the trial court to permit recovery of messenger charges where the declaration submitted by the prevailing party demonstrated that these charges were related to trial preparation and "incurred for such matters as filing documents with the court, complying with appellants' document demands, and transporting exhibits to and from the courtroom." (*Ladas, supra*, 19 Cal.App.4th at p. 776.)

This same reasoning applies here.  The trial court acted within its broad discretion in accepting Safeway's evidence, including its verified cost memorandum and declaration from trial counsel, that the costs claimed for messenger services in connection with court filings were reasonably necessary.  In the absence of any contrary showing by Dixon, at least, beyond its mere assertion that Safeway could have used a more cost-effective service for its filing needs, Dixon's challenge must fail.  (See *Serrano v. Priest* (1977) 20 Cal.3d 25, 49 [no reversal absent evidence of a manifest abuse of discretion].)

Finally, we consider Safeway's cost items related to exhibits, including costs incurred for renting equipment to display evidence and to show video clips of deposition testimony; preparing and copying binder sets of both parties' trial exhibits for use by the court, witnesses and parties; and preparing and copying demonstrative exhibits intended for, among other things, cross-examining witnesses and closing arguments.  Under section 1033.5, subdivision (a)(13):  "Models and blowups of exhibits and photocopies of

8

exhibits may be allowed *if they were reasonably helpful to aid the trier of fact.*"
(§ 1033.5, subd. (a)(13) (italics added).)

There appears to be a split in authority as to whether costs related to exhibits not ultimately used at trial are recoverable, either within the court's discretion pursuant to section 1033.5, subdivision (c), or under section 1033.5, subdivision (a)(13). Subdivision (c)(4), recall, provides that "[i]tems not mentioned in this section and items assessed upon application may be allowed or denied in the court's discretion." Section 1033.5, subdivision (c)(2), in turn, provides that items not specifically allowable under subdivision (a) and not prohibited under subdivision (b) may nevertheless be recoverable in the discretion of the court if "reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation."[7] (See *Ladas, supra,* 19 Cal.App.4th at pp. 773-774.)

On one hand, our appellate colleagues in *Seever* held: "On its face this statutory language [of section 1033.5, subd. (a)] excludes as a permissible item of costs exhibits not used at trial, which obviously could not have assisted the trier of fact." (*Seever, supra*, 141 Cal.App.4th at pp. 1557-1558; see also *Ladas, supra*, 19 Cal.App.4th at p. 775 ["fees are not authorized for exhibits not used at trial"].) The *Seever* court reasoned: "Because the Legislature has expressly stated in subdivision (a)(12) [currently, subdivision (a)(13)] what is allowable (exhibits used at trial that are reasonably helpful) and implicitly what is not, the discretion granted in section 1033.5, subdivision (c)(4), to award costs for items not mentioned in section 1033.5 is simply inapplicable." (*Seever, supra*, 141 Cal.App.4th at pp. 1559-1560.)

On the other hand, the reviewing court in *Applegate v. St. Francis Lutheran Church* (1994) 23 Cal.App.4th 361, 364 (*Applegate*), held that the prevailing party could recover costs for exhibits not used at trial where the lawsuit was dismissed on the day of trial pursuant to section 1033.5, subdivision (c)(4), which allows items "not mentioned in this section and items assessed upon application [to the trial court]." Thus, contrary to

---

[7]     Undisputedly, exhibits not used at trial are not among the cost items prohibited under section 1033.5, subdivision (b).

9

*Seever*, the *Applegate* court read the relevant statutory language as being silent as to exhibits not used at trial. The *Applegate* court then concluded that whether this particular cost item would be allowed was a matter for the trial court's discretion under section 1033.5, subdivision (c)(4), so long as the proper showing was made under subdivision (c)(2) that the item was "reasonably necessary" to the conduct of the litigation. (*Applegate, supra*, 23 Cal.App.4th at p. 364.)

We believe *Applegate* is more consistent with general principles of statutory construction. Specifically, focusing on the statutory language that allows costs for models, blowups and photocopies of exhibits "*if they were reasonably helpful to aid the trier of fact*" (§ 1033.5, subd. (a)(13), italics added), we find no clear prohibition on exhibits not used at trial. Rather, the identified language, reasonably interpreted, requires an exhibit to meet an objective standard of being "reasonably helpful to aid the trier of fact." This language does not, however, require the trier of fact to have been, in fact, *aided* by the particular exhibit. Instead, the focus of the statutory language is on the character of the exhibit, not the conduct of the trier of fact. For this reason, we believe the *Seever* court read something into the statutory language that, quite simply, is not there – to wit, a complete prohibition on the recovery of costs for exhibits not used at trial, even where, as here, the exhibits could in fact have been reasonably helpful to the trier of fact in understanding a material issue in the litigation, but were ultimately rendered moot by a successful motion for judgment following the plaintiff's case-in-chief. We decline to so read this statute. Had the legislature intended to bar recovery of these costs under all circumstances, the legislature could have (but did not) include them in the list of items "not allowable as costs" set forth in subdivision (b) of section 1033.5. (See *Great Western Bank v. Converse Consultants, Inc*. (1997) 58 Cal.App.4th 609, 613-614 [" 'one should not read into the statute allowing costs a restriction which has not been placed there' "].)

Accordingly, we agree with the *Applegate* court that, under the relevant statutory scheme, whether to award the prevailing party its costs for exhibits prepared for trial, but not ultimately used, is a matter left to the court's discretion in accordance with section

10

1033.5, subdivision (c).  (Accord *Great Western Bank v. Converse Consultants, supra,* 58 Cal.App.4th at p. 615 [concluding the trial court did not abuse its discretion in declining to award costs to prevailing party for models, blowups, and photocopies of exhibits where good faith settlement was reached just prior to the commencement of trial].)

The issue remains, however, whether the trial court in this case abused its discretion when finding that Safeway's costs for models, blowups and photocopies of exhibits not used at trial were "reasonably necessary" to the conduct of the litigation. (*Applegate, supra*, 23 Cal.App.4th at p. 364 [whether a cost item was "reasonably necessary" to the litigation is a question of fact reserved for the trial court and reviewed only for abuse of discretion]; *Ladas, supra*, 19 Cal.App.4th at p. 774 [same].)  We conclude the trial court committed no such abuse.  As Safeway points out, the trial in this case was well underway – indeed, three weeks underway – when the trial court granted its motion for judgment under section 631.8 at the conclusion of Dixon's case-in-chief. Under these circumstances, it is not at all surprising that Safeway had already incurred costs to prepare exhibits intended for use at trial to, among other things, impeach Dixon's witnesses and in closing arguments.  In addition, the Lanphere declaration states that Safeway incurred costs preparing binder sets of both parties' trial exhibits for use by the court, the witnesses, and the parties, pursuant to an agreement reached prior to trial. Regardless of whether all exhibits in the binder set were admitted and deemed helpful by the trial court, it could nonetheless have reasonably found Safeway's exhibit-related costs were reasonably necessary to the conduct of the litigation.  As such, we decline to disturb the trial court's judgment on this issue, based, no doubt, on a much more complete understanding of the litigation than this court is able to have.

## DISPOSITION

The order denying Dixon's motion to tax costs is affirmed.  Dixon shall bear costs on appeal.

11

_____

Jenkins, J.


We concur:


_____

Pollak, Acting P. J.


_____

Siggins, J.


*Dixon Gas Club LLC v. Safeway Inc.*, A139910