[No. A061260. First Dist., Div. Three. Mar. 17, 1994.]

GEORGE APPLEGATE, Plaintiff and Appellant, v.
ST. FRANCIS LUTHERAN CHURCH et al., Defendants and
Respondents.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts III and IV.

## COUNSEL

George Appelegate, in pro. per., for Plaintiff and Appellant.

St. Clair, McFetridge & Griffin, Kenneth D. Simoncini and Gayle L. Gough for Defendants and Respondents.

## OPINION

**MERRILL, Acting P. J.**—Plaintiff George Applegate appeals from the portion of the judgment of the trial court awarding costs to defendants following his dismissal of the underlying action on the day of trial. We affirm.

I

Defendant St. Francis Lutheran Church owns a building on Belcher Street in San Francisco, which it rents to defendant Friends of St. Francis Child Care Center, Inc. Plaintiff, an attorney appearing in propria persona, owns property located next door to the child care center. He filed the underlying action for declaratory and injunctive relief to abate a nuisance he alleged was caused by operation of the child care center.

On the date set for trial plaintiff moved for a continuance, and when his motion was denied, he dismissed the action without prejudice.

Defendants then filed a memorandum of costs pursuant to Code of Civil Procedure sections 1032 and 1033.5[1], seeking to recover costs totalling $2,078.01.[2] Plaintiff filed a motion to tax costs, which the court partially granted as to $828 of claimed costs. The court denied the motion as to deposition costs of $75 and as to the costs for photographs and blueprints prepared for use as trial exhibits in the amount of $1,161.01.

## II

Plaintiff's first contention on appeal is that the trial court erred in allowing defendants to recover costs for photographs and blueprints made for use at trial.[3] He urges that, because the exhibits were never used at trial, they may not provide a basis for recovery of costs pursuant to section 1033.5, subdivisions (a)(12) and (c)(2).

Section 1033.5, subdivision (a) sets forth the items that are allowable as costs. Subdivision (a)(12) provides that "[m]odels and blowups of exhibits and photocopies of exhibits may be allowed if they were reasonably helpful to aid the trier of fact." Plaintiff maintains that where a case is dismissed before trial, costs may not be recovered for exhibits prepared for use at trial, citing *Ladas* v. *California State Auto. Assn.* (1993) 19 Cal.App.4th 761, 775 [23 Cal.Rptr.2d 810]. In *Ladas*, judgment was entered in favor of defendant before trial. The court held that costs for trial exhibits should have been disallowed because under section 1033.5, subdivision (a)(12), ". . . fees are not authorized for exhibits not used at trial. Since the case was dismissed before trial, [defendant] failed to qualify for recovery of exhibit costs under this standard." (19 Cal.App.4th at p. 775.)

█ Defendants contend, however, that even if the exhibit costs are not authorized by section 1033.5, subdivision (a)(12), they still may be allowed in the trial court's discretion pursuant to subdivision (c)(4).[4] We agree. Section 1033.5, subdivision (c)(4) provides that "[i]tems not mentioned in this section and items assessed upon application may be allowed or denied in the court's discretion." Items not specifically allowable under subdivision

---

[1] All further statutory references are to the Code of Civil Procedure.

[2] The $2,078.01 included $14 for a filing fee, which plaintiff does not contest.

[3] In the unpublished portion of this opinion we conclude that the trial court did not err in allowing deposition costs of $75.

[4] *Ladas* only considered whether the exhibit costs were allowable under section 1033.5, subdivision (a)(12), not whether they could be awarded in the trial court's discretion under subdivision (c)(4). (*Ladas* v. *California State Auto. Assn., supra,* 19 Cal.App.4th at p. 775.)

(a) and not prohibited under subdivision (b) may nevertheless be recoverable in the discretion of the court if "reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation." (§ 1033.5, subd. (c)(2).) Whether a cost item was "reasonably necessary" to the litigation presents a question of fact for the trial court and is reviewed for abuse of discretion. (*Ladas* v. *California State Auto. Assn., supra,* 19 Cal.App.4th at p. 774.)

Courts have allowed a variety of costs under authority of this subdivision which were neither specifically authorized nor disallowed by section 1033.5. Allowable costs in the discretion of the trial court may include legislative history material, arbitrator's fees, and the fees of a special master. (See *Van de Kamp* v. *Gumbiner* (1990) 221 Cal.App.3d 1260, 1291-1292 [270 Cal.Rptr. 907]; *Cobler* v. *Stanley, Barber, Southard, Brown & Associates* (1990) 217 Cal.App.3d 518, 533 [265 Cal.Rptr. 868]; *Winston Square Homeowner's Assn.* v. *Centex West, Inc.* (1989) 213 Cal.App.3d 282, 292-293 [261 Cal.Rptr. 605].)

It was within the trial court's discretion to allow the costs for photographs and blueprints pursuant to section 1033.5, subdivision (c)(2) if they were reasonably necessary to the conduct of the litigation. Here, defendants had exhibits made for a trial which was never held because plaintiff dismissed the action on the day of trial.[5] The exhibits were photographs and blueprints of the property on which the child care center was operated, which plaintiff claimed was a nuisance. Until a dismissal was filed, defendants were forced to continue preparing for trial in the matter. The exhibits prepared were "reasonably necessary to the conduct of the litigation." An experienced trial judge recognized that it would be inequitable to deny as allowable costs exhibits which a prudent attorney would prepare in advance of trial, and which were not used only because the action was dismissed by the opposing party on the day of trial. Under these circumstances, the trial court did not abuse its discretion in allowing these items as costs under subdivision (c)(4).[6]

---

[5]Contrary to plaintiff's contention, defendants were not "clearly advised there would be no trial." Plaintiff's letter to defendants' counsel approximately one week before trial did not indicate that he intended to dismiss the action if his motion for a continuance made on the day of trial was denied.

[6]Plaintiff also contends that costs for trial exhibits are not allowable unless the party claiming them has made a motion and offer of proof. There is no current requirement, however, that trial exhibits be pre-approved by the court before they may be allowed as costs. (§§ 1032, 1033.5.)

III, IV*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

V

The judgment is affirmed. Defendants are awarded costs on appeal.

Chin, J., and Werdegar, J., concurred.

*See footnote, *ante*, page 361.