Filed 6/15/20

# CERTIFIED FOR PUBLICATION
## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
### SECOND APPELLATE DISTRICT
### DIVISION FOUR

| | |
|---|---|
| MICKEY SEGAL et al., | B299184 |
| Plaintiffs and Appellants, | Los Angeles County |
| v. | Super. Ct. No. BC597769 |
| ASICS AMERICA CORPORATION et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Elizabeth Allen White, Judge. Affirmed.

Greenspoon Marder, James H. Turken and Rebecca Lawlor Calkins for Plaintiffs and Appellants.

Sidley Austin, Jack S. Yeh, David R. Carpenter, Alexis Miller Buese, Collin P. Wedel, and Rara Kang for Defendants and Respondents.

## INTRODUCTION

Plaintiffs and appellants Mickey Segal and Size It, LLC (collectively, Size It) appeal from the trial court's order granting in part and denying in part their motion to tax costs. Size It contends the trial court erred by refusing to tax costs associated with: (1) photocopies of exhibits and the creation of closing argument demonstratives; (2) travel expenses for defense counsel to attend the depositions of defendants Motoi Oyama and Katsumi Kato, as well as fact witness Shiro Tamai, which were taken in Japan; and (3) interpreter fees for Oyama's and Tamai's depositions, as well as Oyama's trial testimony.

We conclude Size It has not shown the trial court abused its discretion. Accordingly, we affirm. We acknowledge a split in authority over whether costs incurred in preparing models, blowups, and photocopies of exhibits not used at trial may be awarded under Code of Civil Procedure[1] section 1033.5, subdivision (a)(13). We publish to explain why we have concluded they may and include our pragmatic take on why having well-prepared counsel is "reasonably helpful to aid the trier of fact"— the test for cost recovery under the statute.

## BACKGROUND

Size It brought an action for fraud against defendants and respondents ASICS America Corporation, ASICS Corporation, Kevin Wulff, Kenji Sakai, Oyama, and Kato (collectively, ASICS). Following a trial, the jury rendered a verdict in ASICS's favor.

---

[1] All further undesignated statutory references are to the Code of Civil Procedure.

ASICS filed a memorandum of costs, seeking to recover $384,773.96. Among the costs it sought to recover were: (1) $34,166.79 for preparing photocopies of exhibits, exhibit binders, and closing argument demonstratives referencing exhibits; (2) $6,327.47, representing defense counsel's travel expenses for attending depositions in Japan of Oyama, Kato, and Tamai; and (3) $29,240 in interpreter fees incurred at Tamai's and Oyama's depositions and during Oyama's trial testimony.

In response, Size It filed a motion to tax costs. Size It contended ASICS improperly sought costs falling into "various categories of expenses that are not allowed as a matter of law," were unreasonable, and "were not reasonably necessary in defending this litigation."

Following a hearing, the trial court granted Size It's motion in part and denied it in part. Although the court taxed ASICS's costs by $81,722.13, the court declined to tax the costs for the three categories discussed above. Consequently, the court entered an amended judgment in ASICS's favor, awarding ASICS $303,051.83 in costs.

Size It timely appealed.

## DISCUSSION

### I. Applicable Statutory Framework for Costs and Standard of Review

Pursuant to section 1032, subdivision (b), "a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." "[S]ection 1033.5 sets forth the items that are and are not allowable as the costs recoverable by a prevailing party under section 1032[.]" (*Chaaban v. Wet Seal, Inc.* (2012) 203 Cal.App.4th 49, 52.) Specifically, section 1033.5, subdivision (a) enumerates the items that are allowable as costs, while

3

subdivision (b) lists the items for which costs may not be recovered. (§ 1033.5, subds. (a) & (b).) Under section 1033.5, subdivision (c)(4), however, cost items that are neither permitted under subdivision (a) nor prohibited under subdivision (b) may nevertheless be "allowed or denied in the court's discretion." (§ 1033.5, subd. (c)(4); see also *Applegate v. St. Francis Lutheran Church* (1994) 23 Cal.App.4th 361, 363-364 (*Applegate*).) All costs awarded, whether expressly permitted under subdivision (a) or awardable in the trial court's discretion under subdivision (c), must be "reasonably necessary to the conduct of the litigation" and be "reasonable in amount." (§ 1033.5, subds. (c)(2) & (3).)

"Generally, the standard of review of an award of costs is whether the trial court abused its discretion in making the award. [Citation.] However, when the issue to be determined is whether the criteria for an award of costs have been satisfied, and that issue requires statutory construction, it presents a question of law requiring de novo review. [Citation.]" (*Berkeley Cement, Inc. v. Regents of University of California* (2019) 30 Cal.App.5th 1133, 1139.) "'"The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can be reasonably deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.'" [Citations.]" (*Brawley v. J.C. Interiors, Inc.* (2008) 161 Cal.App.4th 1126, 1137-1138 (*Brawley*).)

## II.     Exhibit Photocopies and Demonstratives

Under section 1033.5, subdivision (a)(13), costs for "[m]odels, the enlargements of exhibits and photocopies of exhibits, and the electronic presentation of exhibits, including

4

costs of rental equipment and electronic formatting, may be allowed if they were reasonably helpful to aid the trier of fact."

Size It contends the trial court erred as a matter of law in refusing to tax the costs ASICS incurred in photocopying exhibits, preparing exhibit binders, and creating closing argument demonstratives because most of ASICS's exhibits were not admitted into evidence. Consequently, Size It argues, ASICS was not entitled to recover costs for preparing a majority of these materials under section 1033.5, subdivision (a)(13), as most of them were not shown to the jury, and thus were not "reasonably helpful to aid the trier of fact."

As noted above, there is a split in authority on whether costs related to exhibits ultimately not used at trial are recoverable. In the cases on which Size It relies, the reviewing courts interpreted the language in section 1033.5, subdivision (a)(13) requiring exhibits be "reasonably helpful to aid the trier of fact" to "exclude[] as a permissible item of costs exhibits not used at trial, which obviously could not have assisted the trier of fact. [Citations.]" (*Seever v. Copley Press, Inc.* (2006) 141 Cal.App.4th 1550, 1557-1558 (*Seever*); see also *Ladas v. California State Automobile Assn.* (1993) 19 Cal.App.4th 761, 775 (*Ladas*) [holding "fees are not authorized for exhibits not used at trial" under section 1033.5, subdivision (a)].) Moreover, in *Seever*, the court further held costs for exhibits not used at trial are not awardable in the trial court's discretion under section 1033.5, subdivision (c)(4). (*Seever*, *supra*, 141 Cal.App.4th at pp. 1559-1560.) The *Seever* court reasoned that by allowing costs associated with exhibits only where they are "reasonably helpful to aid the trier of fact" under section 1033.5, subdivision (a)(13), the Legislature intended to preclude courts from exercising discretion to award

5

costs for these items when the conditions in subdivision (a)(13) are not met. (*Ibid,* italics omitted.)

By contrast, in the cases cited by ASICS, the reviewing courts held costs related to exhibits not used at trial may be awarded under section 1033.5, subdivision (c)(4). (*Applegate, supra,* 23 Cal.App.4th at pp. 364-365; *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 856-857 (*Benach*).) These courts reasoned costs associated with unused exhibits were awardable in the trial court's discretion because "[a]n experienced trial judge could recognize that it would be inequitable to deny as allowable costs exhibits which a prudent attorney would prepare in advance of trial." (*Applegate, supra,* 23 Cal.App.4th at p. 364; *Benach, supra,* 149 Cal.App.4th at p. 856.)

We decline to follow the cases cited by Size It. In our view, interpretation of section 1033.5, subdivision (a)(13) must reflect the reality of how complicated cases are tried. As the *Benach* and *Applegate* courts acknowledged, prudent counsel must prepare exhibits and demonstratives well in advance of trial. Given that trials are unpredictable, however, it is difficult for even the most experienced trial lawyers to divine which exhibits and demonstratives will in fact be used. Consequently, it is in counsels' (and their clients') interests to come to trial with copies of all exhibits and demonstratives reasonably anticipated for use in hand. Indeed, an applicable local rule requires the pretrial exchange and pre-marking of all exhibits that might be used at trial (other than for impeachment). (Super. Ct. L.A. County, Local Rules, rule 3.52.) Moreover, as in this case, the trial court's own procedures often *require* counsel to pre-mark and prepare multiple copies of their exhibits, placing them into separate binders, which are given to opposing counsel, placed on the stand

6

for review by witnesses, given to the judicial assistant or clerk, and given to the trial judge for use in trial.

Counsel's pretrial preparation of exhibit photocopies and demonstratives reasonably anticipated for use at trial expedites the proceedings. For example, it allows for efficient examination of witnesses and facilitates prompt resolution of evidentiary issues. This is especially important in lengthy jury trials, where common courtesy and respect for the jurors' time and sacrifice requires that courts adopt policies and procedures to expedite the proceedings.

Exhibit binders allow trials to proceed more quickly, thus they are "reasonably helpful to aid the trier of fact[.]" Even if the binders contain exhibits never offered or admitted at trial, their preparation facilitates trial proceedings and helps avoid wasting the jurors' time. Similarly, precious time is saved if counsel prepares digitized copies in advance of all potential exhibits and demonstratives. In lieu of binders, monitors are placed on the bench and witness stand, allowing the judge and the witness to view the documents. Images of admitted exhibits and appropriate demonstratives can also be viewed by the jury on large monitors, projection screens, or other devices. The alternative to preparing comprehensive pre-marked hardcopy and/or digitized collection of potential exhibits is to waste everyone's time by using the old school method: counsel fumbles about finding the desired exhibit, shows it to opposing counsel, hands copies to the clerk—including one for the judge, asks to approach the witness to show the document to the witness, does so, and then proceeds with examination. This is the cumbersome procedure that must be followed for documents that have not been pre-marked prior to

trial. (See Super. Ct. L.A. County, Local Rules, rules 3.149, 3.150, 3.151, & 3.155.).

Likewise, having all possible closing argument demonstratives at the ready saves time. Counsel can close immediately after the last witness has testified, rather than requiring dead time while counsel prepares. This, too, is helpful to the trier of fact—especially if the trier of fact is a jury—because the jurors' time is precious. Most demonstratives used in closing argument (apart from replicas of exhibits introduced at trial) are not admissible, yet surely they aid the jury, and it would make no sense to exclude these from inclusion in recoverable costs.

We owe jurors our respect and gratitude. Without their willingness to serve, the cherished right to jury trial would be lost. Judges and lawyers need to treat jurors with the courtesy and dignity they deserve. This includes being mindful of their time by starting proceedings on time, reducing juror down-time, properly informing them of the trial schedule, keeping to that time schedule to the extent reasonably possible, and streamlining proceedings.

Accordingly, we disagree with *Seever* and *Ladas*. Courts should not "'''read into the statute allowing costs a restriction which has not been placed there.'''" [Citation.]" (*LAOSD Asbestos Cases* (2018) 25 Cal.App.5th 1116, 1124.) But by limiting the application of section 1033.5, subdivision (a)(13) to materials used at trial, the *Seever* and *Ladas* courts did just that. The meaning of the phrase "reasonably helpful to the trier of fact" is broader than the limited notion of helpfulness in the specific task of finding facts, and encompasses as well the more general concept of helpfulness in the form of efficiency in the trial in

8

which the trier of fact is asked to perform that task. For the reasons discussed above, we hold costs incurred in preparing models, blowups, and photocopies of exhibits may be awarded under section 1033.5, subdivision (a)(13), even if these materials were not used at trial. For the same reasons, we also conclude these costs may be awarded under section 1033.5, subdivision (c)(4).

The trial court therefore did not err in refusing to tax the costs ASICS incurred in creating exhibit photocopies and closing argument demonstratives, even though many were not used at trial.

## III. Deposition Travel Expenses

Size It contends the trial court should have taxed the travel expenses ASICS's counsel incurred in defending three depositions taken in Osaka, Japan, because ASICS improperly sought expenses for sending two lawyers to Kobe, Japan, to prepare deponents for depositions a week before they took place. Specifically, Size It contends ASICS's request for these expenses exceeded the scope of section 1033.5, subdivision (a)(3)(C) because this provision permits recovery of travel expenses for only one lawyer's attendance at a deposition, and does not allow for recovery of travel expenses associated with counsel's preparation of a deponent prior to his or her deposition. ASICS counters Size It's contentions are unsupported by legal authority and, in any event, the travel expenses were properly awarded in the trial court's discretion under section 1033.5, subdivision (c)(4). We agree with ASICS.

Under section 1033.5, subdivision (a)(3)(C), a prevailing party may recover "[t]ravel expenses to attend depositions" as

9

costs (§ 1033.5, subd. (a)(3)(C).) As ASICS points out, Size It has not cited—and we cannot find—any authority to support its assertion that travel expenses may not be awarded for more than one lawyer's attendance at a deposition. Further, Size It does not explain how its proffered limitation on costs awardable is supported by the statute's plain language or legislative history. Thus, Size It appears to do nothing more than ask us to read into section 1033.5, subdivision (a)(3)(C) a restriction that does not exist. This we cannot do. (See *LAOSD Asbestos Cases*, *supra*, 25 Cal.App.5th at p. 1124.)

Size It's argument is also unavailing because it would require us to interpret section 1033.5, subdivision (a)(3)(C) in a manner that does not reflect the reality of how complicated cases are prepared for trial. It is common for a party to send more than one attorney to take or defend a deposition. Indeed, in this case, ASICS and Size It each sent two attorneys to attend the depositions held in Japan. Thus, it makes little sense to restrict recovery of travel expenses under this statute to those incurred by one lawyer's attendance at a deposition.

Additionally, even assuming ASICS was not entitled to recover all the travel expenses associated with the depositions taken in Japan under section 1033.5, subdivision (a)(3)(C)—such as the expenses regarding the deponents' pre-deposition preparation in Kobe—Size It does not appear to dispute ASICS's contention that the court could properly award these costs in its discretion under section 1033.5, subdivision (c)(4). Indeed, Size It does not reference subdivision (c)(4) while challenging the court's award of travel expenses in its opening brief. Nor did Size It file a reply brief to address the arguments based on subdivision (c)(4) presented in ASICS's brief.

10

In any event, we conclude the travel expenses at issue were properly awardable under section 1033.5, subdivision (c)(4). The depositions of Oyama, Kato, and Tamai were noticed by Size It and ordered to be taken in Japan. All of the deponents lived in Kobe, and two of them were defendants. Based on ASICS's unchallenged evidence, each of the depositions involved complex topics and issues. Given these circumstances, and the fact that Size It also sent two attorneys to attend these depositions, the trial court could reasonably conclude it was appropriate for ASICS to send two attorneys to Kobe to prepare the deponents for their depositions a week before they were taken, and to defend these depositions.

Accordingly, the trial court did not abuse its discretion when it refused to tax ASICS's travel expenses associated with the depositions in Japan.

## IV. Interpreter Fees
### A. Deposition Interpreter Fees

Size It argues the trial court erred in awarding ASICS costs for interpreter fees incurred at Oyama's and Tamai's depositions. In particular, Size It contends the court lacked authority to award these costs under section 1033.5, subdivision (a)(12), which permits recovery of interpreter fees only "for an indigent person represented by a qualified legal services project . . . or a pro bono attorney[.]" (§ 1033.5, subd. (a)(12).) Consequently, Size It asserts, because the record lacks evidence demonstrating Oyama and Tamai were indigent, or that they were represented by pro bono counsel, the court should have taxed these costs. ASICS responds the court properly awarded the deposition interpreter fees under section 1033.5, subdivision (a)(3)(B), which allows for

11

recovery of interpreter fees "for the deposition of a party or witness who does not proficiently speak or understand the English language." (§ 1033.5, subd. (a)(3)(B).) Again, we agree with ASICS.

As an initial matter, we note that even if the interpreter fees incurred at Oyama's and Tamai's depositions were not awardable under section 1033.5, subdivision (a)(12), Size It does not dispute ASICS's contention that these costs could alternatively be recovered under section 1033.5, subdivision (a)(3)(B). Size It also does not challenge the court's ruling awarding ASICS interpreter fees for Tamai's deposition under this provision, having found "it [was] not established that [Tamai] could speak or understand the English language with ease." Nor does Size It identify any evidence in the record indicating Tamai was proficient in English. Thus, we conclude Size It has not shown the court erred in declining to tax the interpreter fees for Tamai's deposition.

With respect to the interpreter fees for Oyama's deposition, however, Size It suggests the court's award of costs was improper because Oyama testified at trial he could speak and read English. While Size It correctly observes Oyama did testify he "speak[s] and read[s] English with ease," Size It's argument is unavailing because the record contains ample other evidence to support a finding that Oyama could not "proficiently speak or understand the English language." At trial, Oyama testified Japanese was his first language, and explained he was testifying with an interpreter to ensure he could "hear the questions as accurately as possible" and "answer [the questions] accurately with appropriate expressions." He also testified that while he could speak, read, and write English, he regularly conducts business

12

with the assistance of English interpreters to "avoid making mistakes when [he is] speaking" and to "confirm what [he is] hearing."

When reviewing a trial court's decision for an abuse of discretion, "we cannot reweigh evidence or pass upon witness credibility." (*Dodge, Warren & Peters Ins. Services, Inc. v. Riley* (2003) 105 Cal.App.4th 1414, 1420.) Additionally, when more than one inference can be reasonably deduced from the facts, we have no authority to substitute our decision for that of the trial court. (*Brawley*, 161 Cal.App.4th at p. 1137.) Thus, because the record reasonably supports the court's finding that Oyama's deposition interpreter fees were properly awardable under section 1033.5, subdivision (a)(3)(B), the trial court did not abuse its discretion in refusing to tax these costs.

## B. Trial Interpreter Fees

Finally, Size It contends the court abused its discretion in awarding ASICS costs for Oyama's interpreter fees at trial. In support of its argument, Size It again emphasizes Oyama testified he speaks English with ease. In response, ASICS maintains the record reflects Oyama was not proficient in the English language, and therefore the fees were properly awardable in the trial court's discretion under section 1033.5, subdivision (c)(4).

For the same reasons we concluded the court did not abuse its discretion declining to tax the costs for Oyama's deposition interpreter fees under section 1033.5, subdivision (a)(3)(B), we conclude the court also did not err in refusing to tax the costs for his trial interpreter fees under section 1033.5, subdivision (c)(4).[2]

---

[2] Though not entirely clear, Size It also appears to assert the trial court erred in refusing to tax the interpreter fees at

13

## DISPOSITION

The order granting in part and denying in part the motion to tax costs is affirmed. ASICS is awarded its costs on appeal.

CURREY, J.

We concur:

MANELLA, P.J.

WILLHITE, J.

---

issue because the amount sought ($29,240.00) is unreasonable. Because Size It's assertion is unsupported by reasoned argument or citation to authority, however, we conclude it has been forfeited and decline to consider it. (*Benach*, 149 Cal.App.4th at p. 852.)