# IN THE SUPREME COURT OF CALIFORNIA

MICKEY SEGAL et al.,
Plaintiffs and Appellants,

v.

ASICS AMERICA CORPORATION et al.,
Defendants and Respondents.

S263569

Second Appellate District, Division Four
B299184

Los Angeles County Superior Court
BC597769

January 13, 2022

Chief Justice Cantil-Sakauye authored the opinion of the Court, in which Justices Corrigan, Liu, Kruger, Groban, Jenkins, and Irion[*] concurred.

---

[*]     Associate Justice of the Court of Appeal, Fourth Appellate District, Division One, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

SEGAL v. ASICS AMERICA CORPORATION

S263569

Opinion of the Court by Cantil-Sakauye, C. J.

A prevailing party in civil litigation is entitled to recover costs incurred in the litigation. (Code Civ. Proc., § 1032, subd. (b).) Code of Civil Procedure section 1033.5[1] sets forth specific items of costs that are allowed or prohibited. (§ 1033.5, subds. (a), (b).) The statute also authorizes the trial court in its discretion to award or deny an item of costs not mentioned in this section. (§ 1033.5, subd. (c)(4).)

We granted review to resolve a conflict among the Courts of Appeal regarding whether costs incurred in preparing photocopies of exhibits and demonstrative aids for trial are recoverable under section 1033.5 even if they were not ultimately used at trial. In this case, the Court of Appeal held that such exhibit-related costs are recoverable under section 1033.5, subdivision (a)(13) (hereinafter section 1033.5(a)(13)), which allows the recuperation of costs for models, enlargements, and photocopies of exhibits "if they were reasonably helpful to aid the trier of fact." The court further held that such costs may be awarded in the trial court's discretion under section 1033.5, subdivision (c)(4) (hereinafter section 1033.5(c)(4)).

For the reasons set forth below, we conclude that costs related to unused photocopies of trial exhibits and

_____

[1]      All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

1

demonstratives are not categorically recoverable under section 1033.5(a)(13), but they may still be awarded in the trial court's discretion pursuant to section 1033.5(c)(4). Accordingly, we affirm the Court of Appeal, although on slightly narrower grounds.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Size It, LLC, and Mickey Segal (collectively, plaintiffs) sued defendants ASICS America Corporation, ASICS Corporation, Kevin Wulff, Kenji Sakai, Motoi Oyama, and Katsumi Kato (collectively, defendants) for fraud. The case proceeded to trial, and the jury rendered a verdict in defendants' favor.

Defendants subsequently filed a memorandum of costs pursuant to section 1032. Plaintiffs moved to tax costs; that is, they asked the court to deny or reduce several of defendants' claimed costs. As pertinent here, plaintiffs challenged the costs associated with preparing photocopies of exhibits, exhibit binders, and closing argument demonstrative aids that were prepared for but ultimately not used at trial. Defendants opposed the motion.

Following a hearing, the trial court granted plaintiffs' motion in part and denied it in part. As relevant here, the court allowed defendants to recover their costs associated with photocopying trial exhibits, creating exhibit binders, and preparing demonstrative boards and slides even though they were not used at trial.

The Court of Appeal affirmed the ruling on the motion to tax costs. (*Segal v. ASICS America Corp.* (2020) 50 Cal.App.5th 659, 667 (*Segal*).) It held that costs associated with unused demonstratives and photocopies of trial exhibits are recoverable

under section 1033.5(a)(13). (*Segal*, at pp. 666–667.) In reaching its conclusion, the Court of Appeal expressly disagreed with the analysis of section 1033.5(a)(13) set out in two prior appellate court decisions — *Seever v. Copley Press, Inc.* (2006) 141 Cal.App.4th 1550 (*Seever*) and *Ladas v. California State Auto. Assn.* (1993) 19 Cal.App.4th 761 (*Ladas*). (*Segal*, at p. 667.) The Court of Appeal further held that these costs are also allowable in the trial court's discretion under section 1033.5(c)(4). (*Segal*, at p. 667.) The Court of Appeal's interpretation of section 1033.5(c)(4), although in conflict with the *Seever* decision, was consistent with the holdings reached in *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836 (*Benach*) and *Applegate v. St. Francis Lutheran Church* (1994) 23 Cal.App.4th 361 (*Applegate*).

As noted, we granted review to resolve the conflict.

## II. DISCUSSION

Generally, a trial court's award of costs is reviewed for abuse of discretion. (*Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1332.) Yet when the issue is one of statutory interpretation, it presents a question of law that we review de novo. (*Ibid.*)

A prevailing party is entitled "as a matter of right" to recover costs in any action or proceeding unless a statute expressly provides otherwise. (§ 1032, subd. (b).) Section 1033.5 sets forth the types of expenses that are and are not allowable as costs under section 1032. Specifically, subdivision (a) of section 1033.5 describes items that are "allowable as costs," subdivision (b) describes items "not allowable as costs, except when expressly authorized by law," and section 1033.5(c)(4) provides that "[i]tems not mentioned in this section and items assessed upon application may be allowed or denied in the

court's discretion." All costs, whether expressly permitted under section 1033.5, subdivision (a) or awarded in the trial court's discretion pursuant to section 1033.5(c)(4), must be "reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation" (§ 1033.5, subd. (c)(2)) and "reasonable in amount" (§ 1033.5, subd. (c)(3)).

Section 1033.5(a)(13) provides that costs for "[m]odels, the enlargements of exhibits and photocopies of exhibits, and the electronic presentation of exhibits, including costs of rental equipment and electronic formatting, may be allowed if they were reasonably helpful to aid the trier of fact." As noted above, there is a split of appellate authority regarding whether costs associated with unused demonstratives and photocopies of trial exhibits are recoverable, either categorically under section 1033.5(a)(13) or in the court's discretion pursuant to section 1033.5(c)(4).

## A. The Conflicting Appellate Court Decisions

In *Ladas*, the appellate court held that costs associated with photocopies of exhibits, exhibit binders, blowups, and transparencies prepared for but not used at trial are not allowable as costs under section 1033.5(a)(13). (*Ladas*, *supra*, 19 Cal.App.4th at p. 775.) It observed: "Section 1033.5, [former] subdivision (a)(12)[, now subdivision (a)(13),] provides that expenses of trial exhibits 'may be allowed *if they were reasonably helpful to aid the trier of fact*.' (Italics added.) It follows that fees are not authorized for exhibits not used at trial." (*Ibid.*) The *Ladas* court concluded that because the case was dismissed before trial, the prevailing party "failed to qualify for recovery of exhibit costs under this standard." (*Ibid.*)

Subsequent to *Ladas*, however, the appellate court in *Applegate* concluded that costs incurred in preparing unused trial exhibits are allowable under a different provision of the costs statute. (*Applegate, supra*, 23 Cal.App.4th at pp. 363–364.) In *Applegate*, the plaintiff dismissed the action on the day of trial. (*Id.*, at p. 364.) Nevertheless, the reviewing court held that the trial court did not abuse its discretion in allowing the defendant to recover costs incurred in preparing such exhibits under section 1033.5(c)(4). (*Applegate*, at p. 364.) It reasoned that "[t]he exhibits prepared were 'reasonably necessary to the conduct of the litigation' " because they were made for a trial that the defendants "were forced to continue preparing for" until a dismissal was filed. (*Ibid.*) The *Applegate* court characterized its holding as follows: "An experienced trial judge recognized that it would be inequitable to deny as allowable costs exhibits which a prudent attorney would prepare in advance of trial, and which were not used only because the action was dismissed by the opposing party on the day of trial." (*Ibid.*) In a footnote, the *Applegate* court acknowledged that the appellate court in *Ladas* had disallowed such costs, but distinguished that decision on the ground that "*Ladas* only considered whether the exhibit costs were allowable under section 1033.5, [former] subdivision (a)(12)[, now subdivision (a)(13)], not whether they could be awarded in the trial court's discretion under subdivision (c)(4)." (*Applegate*, at p. 363, fn. 4.)

Yet after *Applegate*, another reviewing court held that costs related to preparing unused trial exhibits are not recoverable under section 1033.5(a)(13) or section 1033.5(c)(4). (*Seever, supra*, 141 Cal.App.4th at pp. 1558–1560.) In *Seever*, the appellate court concluded, as the *Ladas* court had, that the statutory language of section 1033.5(a)(13) (then numbered as

subdivision (a)(12)) "[o]n its face . . . excludes as a permissible item of costs exhibits not used at trial, which obviously could not have assisted the trier of fact." (*Seever*, at p. 1557.) The *Seever* court further determined that in light of the limiting language of section 1033.5(a)(13), costs related to unused exhibits are also not awardable in the trial court's discretion under section 1033.5(c)(4). (*Seever*, at pp. 1558–1560.) The court reasoned that by imposing express limitations regarding the type of exhibit costs that are allowable under section 1033.5(a)(13) (exhibits that were reasonably helpful to aid the trier of fact), the Legislature sought to preclude courts from exercising discretion to award costs for those items when the conditions in section 1033.5(a)(13) are not met. (*Seever*, at pp. 1558–1560.) Thus, the *Seever* court concluded, "[T]he discretion granted in section 1033.5, subdivision (c)(4), to award costs for items not mentioned in section 1033.5 is simply inapplicable" under the circumstances. (*Seever*, at pp. 1559–1560.) In so ruling, the *Seever* court expressly disagreed with *Applegate*'s holding that only those costs items expressly prohibited by section 1033.5, subdivision (b) are outside the scope of the trial court's discretionary authority under section 1033.5(c)(4). (*Seever*, at pp. 1558–1559.)

The *Seever* court pointed to other provisions of section 1033.5, subdivision (a) that, by their terms, implicitly excluded permissible items of costs, even though they were not expressly prohibited under subdivision (b). (*Seever*, *supra*, 141 Cal.App.4th at p. 1559.) The court observed: "Perhaps most obviously, Code of Civil Procedure section 1033.5, subdivision (a)(10), provides attorney fees are allowable as costs when authorized by contract, statute or law. Although section 1033.5, subdivision (b), does not address attorney fees, no one would

contend the trial court has discretion under section 1033.5, subdivision (c)(4), to award attorney fees as costs in a case not included within one of the three subdivision (a)(10) categories, based on a showing the fees incurred were 'reasonably necessary to the conduct of the litigation.'  Similarly, section 1033.5, subdivision (a)(3), authorizes the recovery of costs for taking, videotaping, and transcribing necessary depositions (whether or not actually used at trial), including an original and one copy of depositions taken by the claimant and one copy of depositions taken by the party against whom costs are allowed.  Deposition copies, therefore, are plainly not one of those '[i]tems not mentioned in this section': The Legislature has expressly stated how many copies may be included as recoverable costs; and, in our view, the trial court has no discretion under section 1033.5, subdivision (c)(4), to permit recovery for additional copies even if the prevailing party is able to demonstrate those copies were reasonably necessary to the conduct of the litigation."  (*Ibid.*)  According to the *Seever* court, because section 1033.5(a)(13) has expressly stated what is allowable, section 1033.5(c)(4) does not apply.  (*Seever*, at pp. 1559–1560.)

Nevertheless, just one year after *Seever* was decided, a different division of the same appellate district held that costs for unused trial exhibits are recoverable in the trial court's discretion under section 1033.5(c)(4).  (*Benach, supra*, 149 Cal.App.4th at pp. 855–856.)  In *Benach*, as in *Applegate*, the reviewing court explained that it would be inequitable to deny as allowable and recoverable those costs relating to exhibits that any prudent counsel would prepare in advance of trial.  (*Benach*, at p. 856.)  The *Benach* court noted that the parties in that case had specifically agreed to and completed a mutual exchange of exhibits before trial, and prepared exhibit

binders for use by the court and witnesses.  (*Ibid.*)  The appellate court also observed that nothing suggested the prevailing party could have anticipated that many of its prepared exhibits would not be used at trial.  (*Ibid.*)  The *Benach* court did not attempt to distinguish or even acknowledge the *Seever* decision.

## B.  The Decision Below

In this case, the Court of Appeal held that costs incurred in preparing photocopies of exhibits and demonstratives for trial are recoverable as a matter of right under section 1033.5(a)(13) and in the trial court's discretion pursuant to section 1033.5(c)(4), even though they were not ultimately used at trial.  (*Segal*, *supra*, 50 Cal.App.5th at p. 667.)  As a preliminary matter, the Court of Appeal determined that the "interpretation of section 1033.5, subdivision (a)(13) must reflect the reality of how complicated cases are tried."  (*Segal*, at p. 666.)  The court emphasized that prudent counsel must prepare exhibits well in advance of trial, and yet even the most experienced lawyers will have difficulty guessing which exhibits and demonstrative aids will actually be used due to the inherent unpredictability of trial.  (*Ibid.*)  The Court of Appeal also emphasized that applicable local rules may require the pretrial exchange and premarking of all exhibits that might be used at trial, and, as in this case, "the trial court's own procedures often *require* counsel to premark and prepare multiple copies of their exhibits."  (*Ibid.*)  The court further reasoned that even if exhibit binders contain documents never offered or admitted at trial, their preparation facilitates trial proceedings and helps avoid wasting jurors' time.  (*Ibid.*)  Because the pretrial preparation of exhibit photocopies, binders, and demonstrative aids allow trials to proceed more efficiently, the court reasoned, "[T]hey are

'reasonably helpful to aid the trier of fact' " and therefore recoverable under section 1033.5(a)(13). (*Segal*, at p. 666.)

In reaching this holding, the Court of Appeal expressly disagreed with *Ladas* and *Seever*. (*Segal*, *supra*, 50 Cal.App.5th at p. 667.) In the Court of Appeal's view, the *Seever* and *Ladas* courts had " ' " ' "read into the statute allowing costs a restriction which has not been placed there." ' " ' " (*Segal*, at p. 667.) The Court of Appeal reiterated that "the meaning of the phrase 'reasonably helpful to the trier of fact' is broader than the limited notion of helpfulness in the specific task of finding facts, and encompasses as well the more general concept of helpfulness in the form of efficiency in the trial in which the trier of fact is asked to perform that task." (*Ibid.*)[2]

For the same reasons, the Court of Appeal also concluded that costs incurred in preparing unused trial exhibits are permitted in the trial court's discretion under section 1033.5(c)(4). (*Segal*, *supra*, 50 Cal.App.5th at p. 667.)

### C. Analysis

Plaintiffs maintain that defendants are not entitled to recover costs for unused trial exhibits and demonstratives under section 1033.5(a)(13) because the plain language of the statute does not encompass such items. We agree.

" ' " 'When we interpret a statute, "[o]ur fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory

---

[2] The Court of Appeal did not fully quote section 1033.5(a)(13), which allows the recovery of costs for certain items that "were reasonably helpful *to aid* the trier of fact." (Italics added.)

language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy." [Citation.] "Furthermore, we consider portions of a statute in the context of the entire statute and the statutory scheme of which it is a part, giving significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose." ' " ' [Citation.] The interpretation of a statute presents a question of law that this court reviews de novo." (*Smith v. LoanMe, Inc.* (2021) 11 Cal.5th 183, 190.)

As observed earlier, section 1033.5(a)(13) provides that costs for "[m]odels, the enlargements of exhibits and photocopies of exhibits, and the electronic presentation of exhibits, including costs of rental equipment and electronic formatting, may be allowed *if they were reasonably helpful to aid the trier of fact*." (Italics added.) The statutory language on its face excludes unused demonstratives and photocopies of exhibits because they did not assist the trier of fact. In describing which exhibit-related costs are allowable, the Legislature used the past tense, i.e., if the items "*were* reasonably helpful" (*ibid.*, italics added) — not if they "would be" or "could be" reasonably helpful. Because this criterion is phrased in the past tense, it conveys that the models, enlargements of exhibits, and photocopies of exhibits must have, in fact, assisted the trier of fact. And the trier of fact

engages in a determination of factual issues in a judicial proceeding. According to Black's Law Dictionary, the "trier of fact," also termed "fact-finder," is "[o]ne or more persons who hear testimony and review evidence to rule on a factual issue." (Black's Law Dict. (11th ed. 2019) pp. 1815, 737; see *id.*, at p. 737 [noting that "fact-finder" is termed "trier of fact" "in a judicial proceeding" (italics omitted)].) We have similarly observed that the term "trier of fact" "recognizes the factual, rather than strictly legal, character of the inquiry[,]" and "is used interchangeably to refer to a judge or jury." (*Cornette v. Department of Transportation* (2001) 26 Cal.4th 63, 75.) Thus, costs for models, enlargements, and photocopies of exhibits are allowable under section 1033.5(a)(13) only if they were put before the trier of fact.[3] Demonstratives and photocopies of trial exhibits would not have assisted the trier of fact in resolving the pertinent factual issues in a case if they were never used.

As stated, the Court of Appeal below took a broader view of section 1033.5(a)(13). Explaining that the interpretation of this provision "must reflect the reality of how complicated cases are tried," the court concluded that because the "pretrial preparation of exhibit photocopies and demonstratives reasonably anticipated for use at trial expedites the proceedings," allowing trials to proceed more efficiently, such

---

[3] We recognize that the Court of Appeal recently addressed the related, yet distinct issue of whether photocopies of exhibits used in a non-trial proceeding are recoverable under section 1033.5(a)(13). (*Rozanova v. Uribe* (2021) 68 Cal.App.5th 392, 461–463.) Because the demonstratives and photocopied exhibits in this case were prepared for trial, rather than some other proceeding, we need not address this additional question. Suffice it to say, photocopies of exhibits and demonstratives not used at all are not allowable as costs under section 1033.5(a)(13).

photocopies and demonstratives are reasonably helpful to aid the trier of fact. (*Segal, supra,* 50 Cal.App.5th at p. 666.) But the language of section 1033.5(a)(13) does not support such a sweeping construction. As noted above, this provision requires that the items *were* (in fact) reasonably helpful to aid *the trier of fact* (a judge or jury in ruling on a factual issue). This language is in tension with the Court of Appeal's holding that all photocopied exhibits and demonstratives "reasonably anticipated" for use at trial (*Segal*, at p. 666) are recoverable under section 1033.5(a)(13), even if the unused exhibits were not in fact useful, even in a facilitative capacity.

Furthermore, the broad reading of section 1033.5(a)(13) advanced by defendants and the Court of Appeal below renders the "reasonably helpful to aid the trier of fact" phrase essentially superfluous in the context of the costs recovery statute. Because section 1033.5, subdivision (c)(2) already limits allowable costs to expenses "reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation," it is not clear how the Court of Appeal's reading of section 1033.5(a)(13) imposes any additional limits on exhibit costs. Instead, the most natural reading of section 1033.5(a)(13) and section 1033.5, subdivision (c)(2) is that the "reasonably helpful to aid the trier of fact" clause (§ 1033.5(a)(13)) was not meant to capture all exhibit-related costs that were in some way helpful to the orderly and efficient conduct of the litigation — a consideration already accounted for in subdivision (c)(2) — but was instead more narrowly focused on the helpfulness of the demonstratives and photocopied exhibits to the adjudication of factual issues by the trier of fact.

Defendants offer a different interpretation of section 1033.5(a)(13). They maintain that the statute requires only that

the *method* of preparing and displaying exhibits, such as models, enlargements, or photocopies, must be "reasonably helpful." (§ 1033.5(a)(13).)  The particular exhibits themselves, defendants assert, need not be useful to aid the trier of fact, or, indeed, used at all, so long as the method of preparing them is useful.  We conclude that neither the language of the statute nor its history supports such an interpretation.

As noted, section 1033.5(a)(13) provides that "[m]odels, the enlargements of exhibits and photocopies of exhibits . . . may be allowed if they were reasonably helpful to aid the trier of fact."  The syntax of the provision makes clear that the only reasonable understanding of "they" as used in the statute is that the word refers solely to the items themselves.  Indeed, appellate courts interpreting this provision have allowed the recovery of costs under section 1033.5(a)(13) "only if *the items* 'were reasonably helpful to aid the trier of fact.' " (*County of Riverside v. City of Murrieta* (1998) 65 Cal.App.4th 616, 629, italics added.)

Nor do we perceive in the legislative history any indication that section 1033.5(a)(13) allows costs so long as the method of preparing exhibits is reasonably helpful.  According to an analysis of Assembly Bill No. 828 (2017–2018 Reg. Sess.), which amended section 1033.5(a)(13) to include the electronic presentation of exhibits, the then-existing provision already required that "a party seeking to recover costs for models and exhibits must show that *the models and exhibits* were reasonably helpful to aid the trier of fact." (Assem. Com. on Judiciary, Analysis of Assem. Bill No. 828 (2017–2018 Reg. Sess.) as introduced Feb. 16, 2017, p. 3, italics added.)  The bill analysis reiterated that "[w]hile this bill expands the list of allowable recoverable costs to include *electronic exhibits*, this

bill importantly maintains the requirement that *such exhibits* must be reasonably helpful in aiding the trier of fact." (*Ibid.*, italics added.) Similarly, the Legislative Counsel's Digest described the then current version of section 1033.5(a)(13) as "provid[ing] that costs for models and enlargements of exhibits and photocopies of exhibits may be recovered if *the items* were reasonably helpful to aid the trier of fact." (Legis. Counsel's Dig., Assem. Bill No. 828 (2017–2018 Reg. Sess.), italics added.) This history reflects legislators' understanding that section 1033.5(a)(13) requires that the models and photocopied exhibits themselves be reasonably helpful. Although " 'the Legislature's expressed views on the prior import of its statutes" are "neither binding nor conclusive in construing the provision[,]" they are " 'entitled to due consideration' even if a 'gulf of decades separates' the legislative declaration and the earlier enactment." (*Jarman v. HCR ManorCare, Inc.* (2020) 10 Cal.5th 375, 389–390.)

Based on the foregoing, we conclude that a prevailing party is not entitled to recover costs associated with preparing photocopies of exhibits and demonstratives under section 1033.5(a)(13) if the items were not presented to the trier of fact. The issue remains, however, whether the trial court in its discretion may award costs for such items under section 1033.5(c)(4).

Plaintiffs urge this court to apply the analysis set forth in *Seever* — that a trial court may not exercise its discretion to award costs when the Legislature has expressly qualified the scope of allowable items in section 1033.5, subdivision (a) and thereby implicitly prohibited the recovery of costs for similar items that are not specifically enumerated in that provision. (*Seever*, *supra*, 141 Cal.App.4th at pp. 1559–1560.) And yet,

other courts have viewed the interplay of section 1033.5, subdivisions (a), (b), and (c) differently.

In *Science Applications Internat. Corp. v. Superior Court* (1995) 39 Cal.App.4th 1095, 1103, the Court of Appeal interpreted section 1033.5 as follows: "Reading the two subparts of subdivision (c) together with the rest of the cost statute, we conclude, if an expense is neither expressly allowable under subdivision (a) nor expressly prohibited under subdivision (b), it may nevertheless be recovered if, in the court's discretion, it is 'reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation.' " (*Science Applications*, at p. 1103, quoting § 1033.5, subd. (c)(2).) The court elaborated: "The statutory scheme clearly establishes two mutually exclusive sets of trial preparation expenses — one set which is allowable as a matter of right (§§ 1033.5, subd. (a), 1032, subd. (b)) and one which is not (§§ 1033.5, subd. (b), 1032, subd. (b)). Expenses which do not fit into either of these two categories fall into a special statutory safety net: they may be recovered but only at the discretion of the court (§ 1033.5, subd. (c))." (*Science Applications*, at p. 1103; see also *Applegate*, *supra*, 23 Cal.App.4th at pp. 363–364 ["Items not specifically allowable under [section 1033.5,] subdivision (a) and not prohibited under subdivision (b) may nevertheless be recoverable in the discretion of the court if 'reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation' "].)

We conclude that *Science Applications* and *Applegate* are more consistent with the general principles of statutory construction. As noted, section 1033.5, subdivision (a) lists items specifically allowable as costs; subdivision (b) lists the items that "are not allowable as costs, except when expressly

authorized by law" (*id.,* subd. (b)). The *Seever* court reasoned that by imposing limits on certain categories of allowable costs under subdivision (a), the Legislature also implicitly precluded the recovery of additional subcategories of those same items, even if they were not explicitly prohibited under subdivision (b). (*Seever*, *supra*, 141 Cal.App.4th at pp. 1559–1560.) But other provisions of the costs statute undermine *Seever*'s analysis and demonstrate that when the Legislature intended to preclude recovery of costs related to items described in subdivision (a), it did so explicitly — and not implicitly.

For example, section 1033.5, subdivision (a)(8) expressly provides that fees of expert witnesses ordered by the court are allowable as costs. Under *Seever*'s logic, fees of expert witnesses not ordered by the court would implicitly become not allowable. And yet the Legislature expressly disallowed such costs in subdivision (b)(1). Similarly, section 1033.5, subdivision (a)(9) provides that transcripts of court proceedings ordered by the court are allowable. Nevertheless, the Legislature expressly prohibited the recovery of costs for transcripts of court proceedings not ordered by the court under subdivision (b)(5). Indeed, the Legislature specified in subdivision (b)(3) that "photocopying charges, *except for exhibits*" (italics added) are not allowable as costs, but it would make little sense to expressly "except" such photocopying costs if, as plaintiffs contend, section 1033.5(a)(13) already implicitly precluded them. If the Legislature had wished to exclude as costs exhibits that were not reasonably helpful to aid the trier of fact, it could have done so — and given its corresponding contemporaneous treatment in related circumstances, presumably would have done so — by including that prohibition in subdivision (b). Yet subdivision (b) contains no such express prohibition.

We are also unpersuaded by *Seever*'s emphasis on section 1033.5, subdivision (a)(10), the attorney fees provision, in support of its conclusion that the Legislature implicitly precluded certain costs without expressly excluding them under section 1033.5, subdivision (b). (*Seever*, *supra*, 141 Cal.App.4th at p. 1559.) Section 1033.5, subdivision (a)(10) provides that attorney fees are allowable as costs when authorized by contract, statute, or law. Although we agree that attorney fees not authorized by contract, statute, or law are not allowable, despite section 1033.5, subdivision (b)'s silence concerning this item, we are mindful that section 1033.5 is not the only applicable set of constraints on a trial court's discretion to award attorney fees as costs. Section 1021 codifies the rule that "each party to a lawsuit ordinarily pays its own attorney fees" unless a statute or contract provides otherwise. (*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 751; see § 1021 ["Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties"].) Reading sections 1021 and 1033.5 together,[4] the limited circumstances in which attorney fees may be awarded as costs identified in section 1033.5, subdivision (a)(10) are necessarily exclusive. Meanwhile, no similar background principles apply to restrict exhibit costs to those allowed by section 1033.5(a)(13). Thus, we hesitate to extrapolate *Seever*'s negative implication argument based solely

---

[4]   In the same bill that enacted section 1033.5, the Legislature also considered and amended section 1021, further suggesting that the two statutes should be harmonized and read together. (See Stats. 1986, ch. 377, § 2, p. 1578 [amending § 1021]; *id.*, § 13, p. 1579 [enacting § 1033.5].)

on section 1033.5's attorney fees provision to other items in the costs statute.

Accordingly, we find no indication that the Legislature intended to circumscribe the trial court's discretionary authority under section 1033.5(c)(4) to award costs incurred in preparing demonstratives and photocopies of trial exhibits, even though they were not ultimately used at trial, when such materials are reasonably necessary to the conduct of litigation and reasonable in amount. (*Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 129 [courts should not " ' " ' "read into the statute allowing costs a restriction which has not been placed there" ' " ' "].) Instead, we view section 1033.5 as being silent regarding demonstratives and photocopied exhibits not presented to the trier of fact, rendering them "[i]tems not mentioned in this section" that "may be allowed or denied in the court's discretion." (§ 1033.5(c)(4).) Hence, we agree with the Court of Appeal that costs for such items are allowable in the trial court's discretion under section 1033.5(c)(4).

Plaintiffs' remaining arguments are unconvincing. They claim that allowing the prevailing party to recover costs for photocopies of exhibits and demonstrative aids not put before the trier of fact would "create a perverse incentive to litigants (especially those well-funded) to over prepare highly prejudicial, objectionable exhibits, slides and content that would never be shown to a jury in order to drive up recoverable costs." But section 1033.5 instructs trial courts to strike costs that are not "reasonably necessary to the conduct of the litigation" or "reasonable in amount" (§ 1033.5, subd. (c)(2), (3)), and courts have routinely done so, including costs for unused photocopies of trial exhibits (e.g., *Great Western Bank v. Converse Consultants, Inc.* (1997) 58 Cal.App.4th 609, 615). It bears

repeating that any award of costs — whether categorically recoverable under section 1033.5, subdivision (a) or allowable in the court's discretion under section 1033.5(c)(4) — must meet the requirements of subdivision (c)(2) and (3). We are confident that these statutory limitations will continue to guard against the prospect of abuse.

Plaintiffs also maintain that it would be illogical to force a party to pay for the costs of certain exhibit-related items, such as demonstrative slides prepared for closing argument, that the party successfully excluded from trial. The Legislature could have spelled out a categorical prohibition against shifting costs for inadmissible exhibits, but did not. In the absence of such a bar, these are the type of costs that may be awarded in the trial court's discretion, and the Court of Appeal properly held that the trial court did not abuse its discretion by doing so in this case. (*Segal*, *supra*, 50 Cal.App.5th at p. 667.)

## III. DISPOSITION

For the reasons set forth above, we conclude that the Court of Appeal erred when it held that costs for demonstratives and photocopies of exhibits prepared for, but ultimately not used at, trial are categorically recoverable under section

1033.5(a)(13), but it correctly determined that such costs are recoverable in the trial court's discretion under section 1033.5(c)(4). Accordingly, because the Court of Appeal's disposition was correct, we affirm its judgment.[5]

**CANTIL-SAKAUYE, C. J.**

**We Concur:**

**CORRIGAN, J.**
**LIU, J.**
**KRUGER, J.**
**GROBAN, J.**
**JENKINS, J.**
**IRION, J.**[*]

---

[5] We disapprove the decision in *Seever v. Copley Press, Inc.*, *supra*, 141 Cal.App.4th 1550 to the extent it is inconsistent with this opinion.

[*] Associate Justice of the Court of Appeal, Fourth Appellate District, Division One, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion**  Segal v. ASICS America Corporation

_____

**Procedural Posture** (see XX below)
**Original Appeal**
**Original Proceeding**
**Review Granted (published)** XX 50 Cal.App.5th 659
**Review Granted (unpublished)**
**Rehearing Granted**

_____

**Opinion No.** S263569
**Date Filed:** January 13, 2022

_____

**Court:**  Superior
**County:**  Los Angeles
**Judge:**  Elizabeth Allen White

_____

**Counsel:**

Greenspoon Marder, James H. Turken, Michael J. Dailey, Blake L. Osborn; Norton Rose Fulbright and Rebecca Lawlor Calkins for Plaintiffs and Appellants.

Sidley Austin, Jack S. Yeh, David R. Carpenter, Alexis Miller Buese, Collin P. Wedel and Rara Kang for Defendants and Respondents.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Rebecca Lawlor Calkins
Norton Rose Fulbright US LLP
555 South Flower Street, 41st Floor
Los Angeles, CA 90071
(213) 892-9357

David R. Carpenter
Sidley Austin LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
(213) 896-6679